T.C. Memo. 2003-206

UNITED STATES TAX COURT

JOHN R. PEACOCK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6168-02L.              Filed July 15, 2003.

Noel W. Spaid, for petitioner.

Karen N. Sommers, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether respondent may proceed with his proposed collection activity relating to petitioner's 1994 tax liability.

FINDINGS OF FACT

Petitioner failed to file his 1994 Federal income tax return.  On April 18, 1997, respondent sent petitioner a notice

of deficiency. On May 23, 1997, respondent sent petitioner a second notice, which corrected a typographical error in the April 18, 1997, notice. Petitioner did not file a petition with the Court to challenge either notice. On October 13, 1997, respondent assessed a $42,859 deficiency and, pursuant to sections 6651[1] and 6654, a $4,027.50 addition to tax and a $676.92 addition to tax, respectively.

On December 31, 1997, respondent sent a Form 668-W(c), Notice of Levy on Wages, Salary, and Other Income (notice of levy), to petitioner's employer, United Airlines (United). The notice of levy required United to relinquish a portion of petitioner's pay to satisfy his 1994 tax liability.

Respondent, on February 16, 2001, sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to his 1994 tax liability. On March 14, 2001, petitioner sent respondent Form 12153, Request for a Collection Due Process Hearing, in which petitioner alleged that the tax liability had been fully paid. On August 10, 2001, the Appeals officer held a conference with petitioner. The Appeals officer reviewed transcripts of petitioner's 1994 income tax account and payroll records. The payroll records indicated that between October 20, 1997, and November 17, 1998, United, pursuant to an

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

"assignment", deducted $92,923.47 from petitioner's wages. In an attempt to determine where the $92,923.47 had been sent, the Appeals officer wrote to United and to the California Franchise Tax Board.

On the basis of respondent's records and those provided by the State of California, the Appeals officer determined that levy payments totaling $53,476.27 and $5,965.54 had been applied to petitioner's 1992 and 1994 income tax accounts, respectively, and that in 1998 the State of California had received $12,109.23 in levy payments relating to petitioner's State income tax liabilities. United and petitioner did not provide any documentation of payments received by respondent other than the payments reflected on respondent's records.

On February 7, 2002, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 relating to 1994. In response, on March 18, 2002, petitioner, while residing in San Diego, California, filed his petition with the Court.

                              OPINION

Petitioner contends that respondent erred in determining his 1994 tax liability because respondent used "married filing separately" filing status rather than "married filing jointly" status. Petitioner, however, received a statutory notice of deficiency relating to 1994 and, thus, is precluded from raising

his filing status.  Sec. 6330(c)(2)(B); see <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000).

Petitioner further contends that respondent failed to apply petitioner's levy payments (i.e., the amounts withheld from his wages by his employer) to his 1994 tax liability.  We disagree.  The record did not establish that respondent's calculation of the unpaid tax was incorrect.  United deducted $92,923.47 from petitioner's wages, but Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, relating to petitioner's 1994 income tax account indicate an unpaid assessed balance due of $19,924.82.  See <u>Davis v. Commissioner</u>, 115 T.C. 35, 40 (2000) (stating "courts have held that Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203").  Before deciding to proceed with collection, respondent provided petitioner with transcripts relating to his 1994 tax liability, took adequate steps to determine the correct amount of petitioner's unpaid tax, and gave due consideration to petitioner's contentions.  Accordingly, respondent committed no error and may proceed with the proposed collection activity.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.