115 T.C. No. 4


UNITED STATES TAX COURT


RONALD A. DAVIS, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13532-99L.                    Filed July 31, 2000.


    Pursuant to sec. 6330(a), I.R.C., R issued a
notice of intent to levy to P indicating that R
intended to collect income taxes due for the taxable
years 1991, 1992, and 1993.  Pursuant to sec. 6330(b),
I.R.C., P requested a hearing before IRS Appeals
regarding the proposed collection action.  Ultimately,
Appeals issued a notice of determination to P stating
that all applicable laws and administrative procedures
had been met and that collection would proceed.

    Pursuant to sec. 6330(d), I.R.C., P filed a timely
petition for review with this Court.  P contests the
Appeals determination on the grounds that:  (1) The
Appeals officer who conducted the hearing failed to
properly verify that the requirements of any applicable
law or administrative procedure had been met as
required by sec. 6330(c)(1), I.R.C., because the
Appeals officer relied on Form 4340, Certificate of
Assessments and Payments, to verify the assessments of
taxes in issue; (2) P was not afforded the type of

Appeals hearing that sec. 6330, I.R.C., envisions because P was not given the opportunity to subpoena witnesses or to examine and cross-examine witnesses; and (3) the notice of determination was not signed under penalties of perjury in accordance with the requirements of sec. 6065, I.R.C.

Held: In the absence of any showing of irregularity in the assessments, the Appeals officer's reliance on Form 4340 to verify the proper assessment of tax is sufficient for the purposes of complying with sec. 6330(c)(1), I.R.C.

Held, further, the right to a hearing before the IRS Office of Appeals provided by sec. 6330(b), I.R.C., does not include the right to subpoena and examine witnesses.

Held, further, sec. 6065, I.R.C., which generally requires that returns and other documents required by the I.R.C. be verified under penalties of perjury, does not apply to a determination letter issued by Appeals pursuant to sec. 6330, I.R.C.

Thomas W. Roberts, for petitioner.

J. Michael Melvin and Robert A. Varra, for respondent.

OPINION

RUWE, Judge: This case is based on a petition filed under section 6330(d).[1] Respondent has moved for judgment on the

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code. Petitioner concedes that he is not entitled to relief under sec. 6320, as originally claimed in the petition.

pleadings. For convenience, we will combine the facts, which are not in dispute, with our opinion.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on the taxpayer's property. Before 1998, there were no statutory provisions requiring that a taxpayer be given a pre-levy hearing. The constitutionality of the pre-1998 levy procedures has long been settled. See United States v. National Bank of Commerce, 472 U.S. 713, 721 (1985); Haggert v. Hamlin, 25 F.3d 1037 (1st Cir. 1994); Taylor v. IRS, 192 F.R.D. 233, 225 (S.D. Tex. 1999).

In 1998, Congress enacted section 6330 to provide additional protections for taxpayers in tax collection matters. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746. Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice and an opportunity for a pre-levy administrative hearing by the Internal Revenue Service

Office of Appeals (Appeals). After the Appeals hearing, the statute contemplates that Appeals will make a determination. Judicial review of an Appeals determination is available if the taxpayer timely files a petition with this Court or the appropriate District Court of the United States. See sec. 6330(d). If an Appeals hearing is requested, the proposed levy action must normally be suspended during the pendency of the Appeals consideration and any subsequent judicial review. See sec. 6330(e)(1).[2]

On February 3, 1999, respondent sent to petitioner a notice of intent to levy regarding petitioner's unpaid income tax liabilities for 1991, 1992, and 1993. Pursuant to section 6330, petitioner had 30 days from February 3, 1999, in which to file a request for a hearing to be held by Appeals. Petitioner made a timely request for such a hearing. In his request for an Appeals hearing, the only disagreement that petitioner expressed regarding the proposed levy was that he did not believe that there were any valid assessments because of the lack of a valid summary record of assessment. Appeals verified the assessments using Form 4340, Certificate of Assessments and Payments, and

---

[2]An exception to the suspension of any levy action is made if the Secretary, pursuant to sec. 6331(a), finds that the collection of tax is in jeopardy. See sec. 6330(f). Another exception applies when the underlying tax liability is not in issue and the court before which the matter is pending has determined that the Secretary has shown good cause not to suspend the levy. See sec. 6330(e)(2).

provided petitioner with a copy.  Appeals did not grant petitioner's request to subpoena witnesses and documents for purposes of the Appeals hearing.  Subsequently, Appeals sent a "notice of determination" to petitioner.  This notice contained the following pertinent language:

NOTICE OF DETERMINATION
CONCERNING COLLECTION ACTIONS UNDER SECTION 6330

Dear Mr. Davis:

We have reviewed the proposed collection action for the period shown above.  This letter is your legal Notice of Determination, as required by law.  A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

*    *    *    *    *    *    *

Summary of Determination:

The Service's position that the assessment is valid is supported.  No evidence was presented that Mr. Davis is a nonresident alien nor that he had no trade or business or income from sources in the US.  Mr. Davis did not provide valid income tax returns, evidence that he was not liable for taxes nor did he address any method of paying the tax liability.  A copy of the Certificate of Records Payment Form 4340 was provided to Mr. Davis.

The enclosed statement stated:

ATTACHMENT - 3193

With the best information available, the requirements of various applicable law and administrative procedures have been met.  The assessments are based on substitutes for returns.  The only legal requirements before taking general enforcement action are the notice and demand and the notice of intent to levy and notice of right to a collection due process hearing.  Computer records indicate that the appropriate notices were sent

to the last known address.  Mr. Davis questioned the 23C assessment and a copy of the Certificate of Official Record Form 4340 was provided to validate the assessment per <u>Stettler</u>, 98-1 USTC 50,136 (10th Cir) and <u>Cassity</u>, 98-1 USTC 50,463 (9th Cir).  Manual requirements were met.

No financial information was provided and therefor no alternative collection arrangements could be considered.  Mr. Davis's issues as to the validity of the assessment were addressed however he provided no evidence to support his position.  The filing of the notice of federal tax lien was filed prior to the implementation of the collection due process appeal program and therefor is not covered.

Appeals believes that since no requested financial information nor evidence to dispute the liability were provided, we must assume that the determination balances the need for efficient collection of taxes with the concern as to the intrusiveness of the action.

Petitioner timely filed a petition with this Court for review of the Appeals determination, pursuant to section 6330(d).[3]

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Section 6330(c)(2)(B) provides:

SEC. 6330(c).  Matters Considered at Hearing.--

\*     \*     \*     \*     \*     \*     \*

(B) Underlying liability.-- The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period <u>if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an</u>

_____

[3]Sec. 6330(d) allows a petition to be filed within 30 days of an Appeals determination.

<u>opportunity to dispute such tax liability.</u>
[Emphasis added.]

Petitioner does not allege that he did not receive a notice of deficiency for the tax liabilities in issue, nor does he allege that he did not have an opportunity to contest the deficiency determinations.  Because petitioner failed to aver the facts specified in section 6330(c)(2)(B), which are required to put the underlying tax liability in issue, petitioner's underlying tax liability is not properly before the Court.  See <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000).

Where, as in this case, the underlying liability is not in issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  See <u>Sego v. Commissioner</u>, 114 T.C. ___ (2000); <u>Goza v. Commissioner</u>, <u>supra</u> at 181-182.

The only error alleged in the petition was stated in paragraph 5 as follows:

> The appeals officer failed to properly verify that the service followed the requirements of any applicable law or administrative procedure as required by 26 CFR §301.6320-T(e)(1).

The facts upon which petitioner relied to support this alleged error are stated in paragraph 6 of the petition as follows:

> The appeals officer took the position that the assessment is valid without verifying that there was in fact an assessment.  Form 4340 was all that the appeals officer claimed to have relied upon without verifying that it was accurate or that it was in fact signed by an assessment officer.  The Form 4340 listed a 23C date

but the appeals officer did not verify that a 23C was actually prepared pursuant to his duty under 26 CFR §301.6320-T(e)(1)and the nonexistence of the properly prepared and signed certificate of assessment pursuant to 26 U.S.C. §6203 and 26 C.F.R. §301.6203-1 was placed in issue. * * *

In petitioner's response in opposition to respondent's motion and at the hearing on the motion, petitioner made three arguments for our consideration. First, petitioner alleges that the Appeals officer who conducted the hearing failed to properly verify that the Internal Revenue Service (IRS) met the requirements of any applicable law or administrative procedure as required by section 6330(c)(1). Specifically, petitioner alleges that the Appeals officer improperly relied on Form 4340 to verify the proper assessments of the taxes in issue (verification issue). Secondly, petitioner argues that he was not afforded the type of due process hearing that section 6330 envisions. Petitioner argues that any meaningful hearing requires that he be able to subpoena witnesses and documents (meaningful hearing argument). Finally, petitioner alleges that the notice of determination was not signed in accordance with the requirements of section 6065 (section 6065 issue).

Verification Issue

Petitioner alleges that the Appeals officer who conducted the hearing failed to properly verify that the IRS met the requirements of any applicable law or administrative procedure as required by section 6330(c)(1). Specifically, petitioner argues

that it was improper for the Appeals officer to rely on the Form 4340 to verify that the taxes in question were assessed.

Generally, courts have held that Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203. See Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); Hefti v. IRS, 8 F.3d 1169, 1172 (7th Cir. 1993); Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993); Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992); Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); United States v. Chila, 871 F.2d 1015, 1017-1018 (11th Cir. 1989); United States v. Miller, 318 F.2d 637, 638-639 (7th Cir. 1963). "Certificates of Assessments and Payments are 'routinely used to prove that tax assessment has in fact been made.' They are 'presumptive proof of a valid assessment.'" Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992) (quoting Geiselman v. United States, supra at 6). The Form 4340 reflecting petitioner's income tax liabilities for the years in issue indicates that those tax liabilities were properly assessed and remain unpaid. Petitioner has not demonstrated any irregularity in the assessment procedure that would raise a question about the validity of the assessments. We therefore hold that it was not an abuse of discretion for Appeals to rely on a Form 4340 in this case for the purpose of complying with section 6330(c)(1).

Meaningful Hearing Argument

Hearings at the Appeals level have historically been conducted in an informal setting.  Section 601.106(c), Statement of Procedural Rules, provides:

> (c) Nature of proceedings before Appeals.  Proceedings before the Appeals are informal.  Testimony under oath is not taken, although matters alleged as facts may be required to be submitted in the form of affidavits, or declared to be true under the penalties of perjury.
> * * *

Saltzman, IRS Practice and Procedure, par. 9.05[3], at 9-37 (2d ed. 1991), explains:

> Appeals Office conferences are informal.  No stenographer is present to record the discussions of the facts and the law relating to the issue involved. Testimony under oath is not taken.  Matters alleged as fact must be submitted in the form of an affidavit or declared to be true under penalties of perjury. * * *

When Congress enacted section 6330 and required that taxpayers be given an opportunity to seek a pre-levy hearing with Appeals, Congress was fully aware of the existing nature and function of Appeals.  Nothing in section 6330 or the legislative history suggests that Congress intended to alter the nature of an Appeals hearing so as to compel the attendance or examination of witnesses.  When it enacted section 6330, Congress did not provide either Appeals or taxpayers with statutory authority to subpoena witnesses.[4]  The references in section 6330 to a hearing

---

[4]Compare sec. 7456, giving this Court the specific authority to require the attendance and testimony of witnesses by subpoena.

by Appeals indicate that Congress contemplated the type of informal administrative Appeals hearing that has been historically conducted by Appeals and prescribed by section 601.106(c), Statement of Procedural Rules. The nature of the administrative Appeals process does not include the taking of testimony under oath or the compulsory attendance of witnesses. We therefore hold that a hearing before Appeals pursuant to section 6330 does not include the right to subpoena witnesses.

Section 6065 Issue

Finally, petitioner alleges that the notice of determination was not signed in accordance with the requirements of section 6065.

Section 6065 provides:

SEC. 6065. VERIFICATION OF RETURNS.

Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.

Section 6065 requires returns to contain or be verified by a written declaration that they are made under the penalties of perjury. To facilitate a taxpayer's compliance with this requirement, for example, Form 1040, Individual Income Tax Return, contains a preprinted jurat.[5] By signing the jurat

---

[5]The jurat is the portion of the Form 1040 which reads:
(continued...)

included within the Form 1040, a taxpayer satisfies the requirement that his return be executed under penalty of perjury. See <u>Sloan v. Commissioner</u>, 102 T.C. 137, 146-147 (1994), affd. 53 F.3d 799 (7th Cir. 1995); <u>Sochia v. Commissioner</u>, T.C. Memo. 1998-294.  Section 6065 was enacted to permit the taxpayer to submit a verified return rather than a notarized return.  See, e.g., <u>Cohen v. United States</u>, 201 F.2d 386, 393 (9th Cir. 1953) (construing the predecessor of section 6065).  Courts have held that section 6065 does not apply to notices issued by the Commissioner; its requirements are directed at documents that are originated by the taxpayer.  See, e.g., <u>Morelli v. Alexander</u>, 920 F. Supp. 556 (S.D.N.Y. 1996).  We hold that section 6065 does not require an Appeals officer to sign a notice of determination under penalties of perjury.

The relevant facts regarding the proceedings before Appeals are not in dispute.  The foregoing analysis disposes of all the grounds upon which petitioner relied in his petition and in his arguments in response to respondent's motion for judgment on the pleadings.  We hold that the grounds upon which petitioner relies, as stated in his petition and arguments in response to respondent's motion, do not constitute a basis upon which we can

---

[5](...continued)
"Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete."

find that the Appeals determination was an abuse of discretion. We will therefore grant respondent's motion.

To reflect the foregoing,

<u>An order and decision will be entered for respondent</u>.