T.C. Memo. 2001-191


UNITED STATES TAX COURT


JAMES AND MARGARETTE MCMAHAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14282-99L.                    Filed July 25, 2001.


<u>Joyce Griggs</u>, for petitioners.

<u>Ross M. Greenberg</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  The issues for decision are whether
respondent obtained verification of Federal income tax
assessments and whether petitioners are liable for a section
6673(a)(1) penalty.  All section references are to the Internal
Revenue Code as amended.

FINDINGS OF FACT

When the petition was filed, petitioners resided in Goliad, Texas. On December 11, 1997, respondent issued a notice of deficiency relating to petitioners' 1993, 1994, and 1995 Federal income taxes, but petitioners did not petition for redetermination of the deficiencies.

On February 16, 1999, respondent issued each petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing. On March 3, 1999, petitioners filed a Request for a Collection Due Process Hearing (i.e., Form 12153) and contended that there was no "valid summary record of assessment". On March 31, 1999, respondent's Appeals officer obtained Certificates of Assessments and Payments (i.e., Form 4340) relating to petitioners' years in issue. In a letter dated May 19, 1999, the Appeals officer responded to petitioners' request, scheduled a hearing, and typed the following information at the top right side of the page:

**Date and Time of Conference:**
Thursday, June 10, 1999, at
9:00AM
**Place:**
IRS Appeals Office
5835 Callaghan Rd., STE 220
San Antonio TX 78228

Neither petitioners nor their counsel appeared or rescheduled the hearing.

On June 18, 1999, the Appeals officer informed petitioners' counsel by telephone that he was going to make a determination

based on the information in respondent's administrative file.  On the same date, petitioners' counsel replied:  "It will be much better if you and I communicate by letter or fax."  On June 22, 1999, the Appeals officer sent the Forms 4340 by telecopier to petitioners' counsel and requested a call by June 29, 1999, to schedule a conference.  On June 22, 1999, petitioners' counsel acknowledged receipt of the Forms 4340, requested Forms 23 C and 17 (i.e., Notice and Demand), and stated:  "Upon receipt of these documents we can probably handle the hearing telephonically."  On June 23, 1999, the Appeals officer wrote that the Forms 4340 "are accepted by the Courts in establishing the validity of an assessment" and "I plan to close out your case in 30 days and issue a determination letter."  On August 5, 1999, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6330, determining that his proposed collection action was to be sustained.  At trial, on January 8, 2001, respondent moved for the imposition of the section 6673(a)(1) penalty.

OPINION

Section 6330(b)(1) provides that if a taxpayer requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals."  Section 6330(c)(1) states:  "The appeals officer shall at the hearing obtain verification from the

Secretary that the requirements of any applicable law or administrative procedure have been met."

Section 6330(d) provides for Tax Court review of the Commissioner's administrative determination. Where the validity of the underlying liability is properly at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). In cases where the validity of the liability is not properly part of the appeal, the Court reviews the Commissioner's administrative determination for abuse of discretion. See id.; see also Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioners do not dispute the underlying liabilities, or the adequacy of the scheduled hearing, but contend that section 6330(c)(1) requires the production of Form 23 C. This Court previously has addressed such a contention, holding that "it was not an abuse of discretion for Appeals to rely on a Form 4340 * * * for the purpose of complying with section 6330(c)(1)." Davis v. Commissioner, supra at 41. Accordingly, respondent's administrative determination was not an abuse of discretion.

Respondent contends that petitioners' position is frivolous and instituted primarily for delay and that, pursuant to section 6673(a)(1), the Court should impose a penalty on them. We conclude, however, that it is not appropriate to impose such a penalty in this case.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.