T.C. Memo. 2001-213

UNITED STATES TAX COURT

ROY WATSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3609-00L.                    Filed August 10, 2001.

Roy Watson, pro se.

<u>Pamela J. Sewell</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  This case is based on a petition filed
under section 6330(d) for review of a determination made by
respondent's Office of Appeals (Appeals) that respondent's action
to collect certain taxes may proceed.  By Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330,
dated February 24, 2000 (the notice), Appeals determined that

respondent's Collection Division be allowed to proceed with appropriate action to collect from petitioner certain income taxes for 1991 and 1992. Petitioner asks us to review such determination.

Unless otherwise indicated, all section references are to the Internal Revenue Code presently in effect.

FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Provo, Utah.

On September 28, 1994, respondent mailed a notice of deficiency (the notice of deficiency) to petitioner, determining deficiencies in, and additions to, his Federal income taxes for petitioner's taxable (calendar) years 1991 and 1992. On October 18, 1994, petitioner received the notice of deficiency and signed the domestic return receipt, Postal Service Form 3811, which accompanied the notice of deficiency.

On March 13, 1995, respondent assessed taxes, an estimated tax penalty, and late filing penalty in the amounts of $10,138, $581, and $2,535, respectively, for 1991. Also, on March 13, 1995, respondent assessed taxes, an estimated tax penalty, and late filing penalty in the amounts of $10,394, $453, and $2,599, respectively, for 1992.

On June 15, 1999, respondent mailed a final notice of intent to levy to petitioner. That notice states that petitioner owed

taxes, penalties, and interest totaling $26,169.72 and $25,040.72 for 1991 and 1992, respectively.

On July 15, 1999, petitioner submitted requests for collection due process hearings for 1991 and 1992 (the requests). In the requests, petitioner states his basis for the hearing as follows: "I deny that I had 'income' for the year of 1991 [1992] that is the subject of A tax."

On January 31, 2000, in response to the requests, Appeals Officer Jose Gonzales sent a letter to petitioner (the letter). Among other things, the letter informs petitioner that, since petitioner had received the notice of deficiency, petitioner could not, under section 6330, appeal his tax liability for 1991 and 1992. The paragraph of the letter preceding the valediction states:

> If you wish to make arrangements to pay the tax for 1991 and 1992 please provide Forms 433A and/or 433B or if you have other collection alternatives you would like to discuss, such as Installment Agreements or Offer-In-Compromise, contact me by February 15, 2000. This will be your opportunity for a hearing. For the reasons stated above I will not discuss the liabilities for 1991 and 1992 unless it pertains to filing correct returns due to IRC §6330(c)(2)(B). If I receive no response I will send a determination letter providing your judicial rights. I can be reached at the telephone number shown above.

Petitioner did not reply to the letter or otherwise contact Appeals Officer Gonzales prior to February 15, 2000.

On February 24, 2000, respondent mailed the notice to petitioner. In part, the notice states: "We have reviewed the

proposed collection action for the period(s) shown above.  This letter is your legal Notice of Determination, as required by law."  The notice includes the following "<u>Summary of Determination</u>":  "It is Appeals' decision that Collection be allowed to proceed with the appropriate collection action."  Accompanying the notice is the following explanation:

<u>Attachment - 3193</u>

ENCLOSURE TO NOTICE OF DETERMINATION

ROY A. WATSON

The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.

Your request for a hearing with Appeals was made under IRC §6330 to prevent appropriate collection action. You state in your request that you deny that you had income for 1991 and 1992 that is subject to tax.  Tax was assessed for the years 1991 and 1992 under IRC §6020(b) because you failed to voluntarily file income tax returns.  You were provided an opportunity to dispute the assessments.  You responded with arguments previously determined by the courts to be frivolous.  IRC §6330(c)(2)(B) precludes you from raising liability as an issue at your hearing.  You were offered the opportunity for a hearing with Appeals to discuss alternative collection proposals and the filing of corrected returns for the years at issue. You did not respond.

Without further cooperation, it is Appeals decision that the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

In the petition, petitioner assigns the following errors:

the Service was willfully negligent when it failed to provide an Pre-Determination Evidentiary hearing and make available to me:

a.) presentment of copies of all evidence used by the government against me;

b.) meaningful hearing on all of the facts of this case;

c.) notification of procedure, forms, or opportunity to refute the evidence against me (which is also the making of contentions of factual nature);

d.) hearing before an independent and impartial hearing officer; and

e.) opportunity to confront and cross-examine all adverse witnesses, for the creation of a complete defense and administrative record to support any subsequent appeal.

OPINION

## I. Section 6331

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by levy on property of the taxpayer.

II.  <u>Section 6330</u>

Section 6330 generally provides that respondent cannot proceed with collection of taxes by way of levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of a section 6330(b) hearing).[1]  Section 6330(e) provides for the suspension of the period of limitations on collection while the hearing and any appeals are pending, and, in no event shall such period of limitations expire before the 90th day after the day on which there is a final determination in the hearing.

Section 6330(c) prescribes the matters that may be raised by the taxpayer at a section 6330(b) hearing.  In pertinent part, section 6330(c)(2)(B) provides:  "The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability".

Section 6330(d) provides for judicial review of the determination resulting from the section 6330(b) hearing.

---

[1]  In pertinent part, section 6330(a)(1) provides:

No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. * * *

III.  Petitioner's Claims

    A.  Meaningful Hearing

In the petition, petitioner claims that he was not afforded a meaningful hearing on all of the facts of the case, apparently because respondent erred in failing to allow petitioner the right to examine documents, present his case as he saw fit, and cross-examine witnesses.  In Davis v. Commissioner, 115 T.C. 35, 41-42 (2000), we rejected similar claims, finding that, in providing to a person the right to request a section 6330(b) hearing, Congress intended an informal administrative hearing, of the type that, traditionally, had been conducted by appeals and was prescribed by section 601.106(c), Statement of Procedural Rules.  We held that the right to a section 6330(b) hearing does not include the right to subpoena witnesses.  Id. at 42.  We stated:  "The nature of the administrative Appeals process does not include the taking of testimony under oath or the compulsory attendance of witnesses."  Id. at 41-42.  We concluded that the taxpayer could have a meaningful hearing without being accorded rights to subpoena witnesses and documents.  Id.  Petitioner has failed to demonstrate that he is entitled to any relief on account of his claim that respondent erred in failing to allow him the right to examine documents, present his case as he saw fit, and cross-examine witnesses.

B.  Hearing Before an Independent and Impartial Hearing
    Officer

In the petition, petitioner claims he was not afforded a hearing before an independent and impartial hearing officer.  If petitioner's complaint is that Appeals Officer Gonzales was not independent and impartial, see sec. 6330(b)(3), petitioner did not pursue that issue at trial.  Therefore, we assume, that he has abandoned that issue, and we shall not further discuss it. See, e.g., Bernstein v. Commissioner, 22 T.C. 1146, 1152 (1954), affd. 230 F.2d 603 (2d Cir. 1956); Lime Cola Co. v. Commissioner, 22 T.C. 593, 606 (1954).

C.  No Harm in Fact

Moreover, as to any other complaint of petitioner with respect to the notice, we note that, at trial, the Court had an extended discussion with petitioner concerning the exact nature of the claim that brought him to this Court.  Petitioner agreed more than once that he had been afforded the opportunity for a hearing.  His only claim was that he had no tax liability because his indebtedness to the Internal Revenue Service had been assumed by the Federal government:

> MR. WATSON:  That House Joint Resolution 192 of
> June 5th and 6th, 1933, which was the suspension of the
> gold standard specie which kept the nation stable only
> discharged the debt, not pay debt.
>
> Under House Joint Resolutions, all debts, public
> and private, the Government agreed to assume.

THE COURT:  So your basic position is that your debt to the Internal Revenue Service was assumed by the Federal Government?

MR. WATSON:  That is correct, through that resolution.  And I believe in good faith that all matters have been brought to a conclusion by accord and satisfaction by the presentation to the agency, the Internal Revenue Service, for them to present the 1040-ESs [Forms 1040-ES:  Estimated Tax Payment Vouchers] for payment through the Secretary of the Department of Transportation or the Secretary of the Department of Treasury and that would close the matter.

THE COURT:  Sir, let me see if I understand your position.

* * * * * * *

your position is that declarations of estimated tax by a taxpayer received by the IRS * * * should be presented to the Secretary of Transportation or the Secretary of Treasury for payment?

MR. WATSON:  Yes, sir.

THE COURT:  And that would discharge your tax liability?

MR. WATSON:  Yes, sir.

THE COURT:  And that's why you don't owe anything to the Government?

MR. WATSON:  Yes, sir.

THE COURT:  That's your case; right?

MR. WATSON:  Yes, sir.

D.  Section 6330(c)(2)(B)

Petitioner can only challenge the underlying tax liability if he did not receive the notice of deficiency.  See sec. 6330(c)(2)(B).

Petitioner claims that he did not receive the notice of deficiency. By letter dated November 18, 1994, however, petitioner acknowledges receiving correspondence from respondent dated September 28, 1994, the date of the notice of deficiency. With respect to that correspondence, petitioner states: "[H]owever, I am not a person required to file." Respondent also has a return receipt from the U.S. Postal Service showing receipt by petitioner of the notice of deficiency. That receipt shows a signature in petitioner's name. Petitioner denies that he signed the receipt. Petitioner offers no explanation for the signature. We do not believe petitioner when he claims that he did not sign the receipt and did not receive the notice of deficiency. We have found that petitioner did receive the notice of deficiency.

E. Conclusion

We have reviewed the notice in light of petitioner's claims and we find no error. We deny petitioner any relief.

IV. Section 6673(a)(1)

In pertinent part, section 6673(a)(1) provides a penalty of up to $25,000 if proceedings before the Tax Court have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless. In the petition and in communications to respondent and this Court, petitioner insists that he has no tax liability notwithstanding that he has paid nothing to respondent. He

insists that he has submitted to respondent declarations of estimated tax, which should be presented to the Secretary of Transportation for payment, which would discharge petitioner's tax liability. Petitioner's argument is a frivolous tax-protester argument. In addition, petitioner adopted tactics at trial, such as initially refusing to state his name, that delayed this proceeding. At the conclusion of the trial, at petitioner's request, the Court left the record open for any support of petitioner's legal position that he could provide. Petitioner submitted a document entitled "Letter of Correction" (the letter of correction) that we have filed as such. The letter of correction claims: "An error was made by submitting a 1040ES form and is therefore canceled by this letter of correction." Attached to the letter of correction is a copy of respondent's trial memorandum bearing repeated stampings by petitioner stating:

> Accepted for value $51,210.44. This property is Exempt from Levy and account is prepaid.
>
> Please adjust this account and release the proceeds; products, accounts; and fixtures and release the order or orders of the court to Me immediately.
>
> Date February 16, 2001
> Employer ID # 530149347
> Endorsement [signed] Roy-Allen: Watson

Whatever credit we might give petitioner for the implied concession in the letter of correction that petitioner owes tax is negated by the attachment to that letter, which makes no

sense, and seems just another frivolous argument or groundless claim.

Because of petitioner's frivolous and groundless arguments, and his tactics, which we conclude petitioner engaged in only to delay these proceedings, the Court imposes on petitioner a penalty under section 6673(a) of $1,500.  See <u>Hoffman v. Commissioner</u>, T.C. Memo. 2000-198.

<u>Decision will be entered</u>

<u>for respondent</u>.