**Fernando CARDONA, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 03–4820.

United States Court of Appeals, Second Circuit.

Dec. 9, 2004.

On submission (Fernando Cardona, Newburgh, NY), for Appellant, pro se.

On submission (Eileen J. O'Connor, Assistant Attorney General, Thomas J. Clark Attorney, Regina S. Moriarty, Attorney, Tax Division, Department of Justice, Washington, D.C.), for Appellee.

PRESENT: JACOBS, CARDAMONE, and CABRANES, Circuit Judges.

### SUMMARY ORDER

Fernando Cardona filed a petition in the United States Tax Court challenging a "Notice of Determination" by the Internal Revenue Service ("IRS") Office of Appeals refusing to withdraw a federal tax lien imposed with respect to Cardona's 1992 through 1995 tax liabilities. Cardona argues that the IRS's "Notice of Lien" did not include a signed certificate of assessment, in compliance with 26 C.F.R. § 301.6203–1, and that he was thereby deprived of due process. The tax court found that 26 C.F.R. § 301.6203–1 does not require that a notice of federal tax lien be accompanied by a certificate of assessment and that the IRS satisfied its notice obligations. Holding that Cardona's petition was frivolous, the tax court imposed a $1000 sanction. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Where underlying tax liability is not in issue, the tax court reviews the IRS's administrative determinations for abuse of discretion. *Davis v. Comm'r*, 115 T.C. 35, 39, 2000 WL 1048515 (2000). This Court reviews the tax court's conclusions of law *de novo*, its factual findings for clear error, and its application of its own procedural rules for abuse of discretion. *See Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir.2003); *Madison Recycling Assocs. v. Comm'r*, 295 F.3d 280, 285 (2d Cir.2002).

██ Internal Revenue Code section 6320 requires that the IRS notify the taxpayer, in writing, of the filing of a notice of federal tax lien, and include, "in simple and nontechnical terms," the following:

(A) the amount of unpaid tax;

(B) the right of the person to request a hearing during the 30–day period beginning on the day after the 5–day period described in paragraph (2);

(C) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals; and

(D) the provisions of this title and procedures relating to the release of liens on property.

I.R.C. § 6320(a)(3); *see also* 26 C.F.R. 301.6320–1 (reiterating, in question and answer A–10, the requirements of I.R.C. § 6320). The tax court found (correctly) that the applicable statutes do not require that a notice of federal tax lien be accompanied by a signed certificate of assessment. And, the burden was on Cardona to request an assessment. *See* 26 C.F.R.

301.6203–1(a)(2) ("If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment. . . ."). Cardona told the tax court that he could not recall whether he requested a certificate of assessment; therefore, the tax court's finding that Cardona failed to request the certificate was not clear error. In any event, the tax court observed, Cardona had "received all the information he would have received had he made a request for the record of assessment."

 Moreover, 26 C.F.R. 301.6203–1 provides that the IRS Secretary may respond to a certificate of assessment request by giving the taxpayer "a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." 26 C.F.R § 301.6203–1. Here, the tax court found (properly) that the Forms 4340— enclosed with the IRS's October 4, 2001 "Notice of Determination"—constituted "sufficient evidence of assessment," because the Forms stated: Cardona's name, the date of the assessment, that the type of tax involved was federal income tax, that the taxable period was 1992 through 1995, and the amounts assessed for each year. Thus, the tax court was also correct in granting summary judgment in favor of the IRS and imposing a sanction pursuant to I.R.C. § 6673, based upon the conclusion that Cardona failed to raise a factual question concerning whether IRS procedures were followed properly in making assessments against him.

For the reasons set forth above, the judgment of the tax court is hereby AFFIRMED.