T.C. Memo. 2006-170

UNITED STATES TAX COURT

MICHAEL ROSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24600-04L.                    Filed August 16, 2006.

<u>James J. Mahon</u>, for petitioner.

<u>Shawna A. Early</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether petitioner is entitled to a theft loss deduction and whether respondent abused his discretion in proceeding with collection.

FINDINGS OF FACT

In 2000, petitioner was in an automobile accident, sustained serious injuries, and was in a coma for 45 days. Petitioner untimely filed his Federal income tax returns relating to 1996, 1997, 1998, 1999, and 2001 (the years in issue). Petitioner reported that he owed, but did not pay, the taxes relating to 1996 through 1999. On his 2000 tax return, petitioner claimed a $250,000 theft loss. Petitioner, on his 2001 tax return, initially reported a tax liability of zero, but in 2003, filed an amended return where he reported, but did not pay, additional tax. On December 18, 2003, respondent issued petitioner a Notice of Federal Tax Lien and Your Right to a Hearing under I.R.C. § 6320 (notice of Federal tax lien) relating to the years in issue. On January 26, 2004, respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing.

On October 5, 2004, respondent conducted a face-to-face hearing with petitioner. At the hearing, petitioner presented evidence of his medical condition and the alleged theft of his property (i.e., several Rolex watches, an automobile, and bank funds) by his nephew, Eric Gallant. Petitioner contended that, pursuant to sections 165(c)(3) and 172(d)(4)(C)[1], he was entitled

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and
(continued...)

to a $250,000 theft loss carried back or carried forward to applicable tax years.  The only documentation submitted to respondent as proof of the theft was an "Affidavit of Judgement by Confession" (affidavit of confession) filed with the State of New York civil court and signed by Mr. Gallant.

On November 23, 2004, in a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination), respondent determined that petitioner failed to establish a theft loss pursuant to section 165(c)(3) in 2000.  Respondent also concluded that the notice of Federal tax lien was appropriate and that petitioner owed unpaid taxes, penalties, and interest totaling $77,530 relating to 1996 through 1999 and 2001.

On December 27, 2004, petitioner, while residing in Plant City, Florida, filed his petition with the Court seeking a review of the notice of determination.

### OPINION

Where the validity of the underlying tax liability is at issue, the Court will review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).  Petitioner did not receive a notice of deficiency and has not previously been given the

_____

[1](...continued)
all Rule references are to the Tax Court Rules of Practice and Procedure.

opportunity to dispute the tax liabilities relating to the years in issue.  As a result, pursuant to section 6330(c)(2)(B), he may challenge the underlying tax liability, and we review this matter de novo.

Petitioner contends that respondent erred in disallowing the $250,000 theft loss.  Petitioner further contends that respondent erroneously proceeded with a collection action for the taxes, penalties, and interest assessed in the notice of determination. Conversely, respondent contends that petitioner failed to prove that he sustained a theft loss and, thus, does not meet the statutory requirements of section 165(c)(3).  Respondent further contends that proceeding with the collection action was appropriate.  We agree with respondent.

Petitioner must prove that he is statutorily entitled to the theft deduction.[2]  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 165(c)(3) allows a deduction for any theft loss that is not compensated by insurance or otherwise. Petitioner, however, failed to prove that a theft occurred, the identity of the stolen property, his basis in the property, or

_____

[2]  Generally, the Commissioner's determination is presumed to be correct, and the taxpayer bears the burden of proving that it is erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Sec. 7491(a)(1), which shifts the burden of proof to respondent, is not applicable here because petitioner failed to present credible evidence.

the fair market value of the property immediately before the theft.  See secs. 1.165-7(b), 1.165-8, Income Tax Regs.  The only documentary evidence submitted in support of petitioner's contention was the affidavit of confession.  This document was filed with a civil court in the State of New York and merely operates as a confession of civil judgment, wherein Mr. Gallant acknowledged that he owes petitioner $250,000.  It does not establish that the aforementioned property was stolen.

In short, petitioner presented no credible evidence that a theft occurred.  He has failed to establish that he is entitled to the section 165 theft loss deduction.  See sec. 165(c)(3).  Accordingly, respondent may proceed with the proposed collection action.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.