T.C. Memo. 2017-25

UNITED STATES TAX COURT

ESTATE OF LILLIAN BECKENFELD, DECEASED, RONALD
BECKENFELD, TRUSTEE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7732-15L.                     Filed January 31, 2017.

Stephen A. Newstadt, for petitioner.

Halvor R. Melom, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  This case arises from a petition filed in response to a

notice of determination concerning collection action(s) under section 6320 and/or

6330[1] dated February 20, 2015 (notice of determination).

_____

[1]All section references are to the Internal Revenue Code in effect at all

(continued...)

**[*2]**    We must decide whether to sustain the determinations in the notice of determination.  We hold that we shall sustain those determinations.

FINDINGS OF FACT

All of the facts in this case, which the parties submitted under Rule 122, have been stipulated by the parties and are so found.

Lillian Beckenfeld (Ms. Beckenfeld) was a resident of California at the time of her death on October 23, 2007.  Her spouse, Mickey Beckenfeld (Mr. Beckenfeld), died on May 4, 2012.  Ronald Beckenfeld is the son of Ms. Beckenfeld and Mr. Beckenfeld and the trustee of the estate of Ms. Beckenfeld (Ms. Beckenfeld's estate).  Ronald Beckenfeld resided in California at the time he filed the petition.

On August 31, 2012, after Ms. Beckenfeld died, Ms. Beckenfeld's estate filed late Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return (gift tax return), with respect to Ms. Beckenfeld's taxable year 2007 (Ms. Beckenfeld's 2007 gift tax return).  Ms. Beckenfeld's 2007 gift tax return showed total tax (total gift tax) of $1,324,650.  Ms. Beckenfeld's estate did not elect in part 1, line 12, of Ms. Beckenfeld's 2007 gift tax return to treat any "[g]ifts by husband [Mr. Beckenfeld] or wife [Ms. Beckenfeld] to third parties * * * during

---

[1](...continued)
relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** the calendar year [2007] * * * as made one-half by each" of them. On August 31, 2012, the date on which Ms. Beckenfeld's estate filed Ms. Beckenfeld's 2007 gift tax return, Ms. Beckenfeld's estate remitted to respondent a payment of $1,324,650 (Ms. Beckenfeld's estate's August 31, 2012 payment) with respect to Ms. Beckenfeld's taxable year 2007, which was equal to the amount of the total gift tax shown in Ms. Beckenfeld's 2007 gift tax return.

Ronald Beckenfeld was also the trustee of the estate of Mr. Beckenfeld (Mr. Beckenfeld's estate). On August 31, 2012, after Mr. Beckenfeld died, Mr. Beckenfeld's estate filed late a gift tax return with respect to Mr. Beckenfeld's taxable year 2007 (Mr. Beckenfeld's 2007 gift tax return). Mr. Beckenfeld's 2007 gift tax return showed total gift tax of $1,324,650. Mr. Beckenfeld's estate did not elect in part 1, line 12, of Mr. Beckenfeld's 2007 gift tax return to treat any "[g]ifts by husband [Mr. Beckenfeld] or wife [Ms. Beckenfeld] to third parties * * * during the calendar year [2007] * * * as made one-half by each" of them. On August 31, 2012, the date on which Mr. Beckenfeld's estate filed Mr. Beckenfeld's 2007 gift tax return, Mr. Beckenfeld's estate remitted to respondent a payment of $1,324,650 (Mr. Beckenfeld's estate's August 31, 2012 payment) with

[*4] respect to Mr. Beckenfeld's taxable year 2007, which was equal to the amount of the total gift tax shown in Mr. Beckenfeld's 2007 gift tax return.

On January 14, 2013, respondent assessed the total gift tax of $1,324,650 shown in Ms. Beckenfeld's 2007 gift tax return. Respondent credited Ms. Beckenfeld's estate's August 31, 2012 payment of $1,324,650 against the total gift tax of $1,324,650 shown in Ms. Beckenfeld's 2007 gift tax return. Respondent also assessed additions to tax under section 6651(a)(1) and (2) of $298,046.25 and $331,162.50, respectively, as well as interest of $322,202.59 as provided by law with respect to Ms. Beckenfeld's taxable year 2007. (We shall refer to the unpaid additions to tax and the unpaid interest that respondent assessed on January 14, 2013, with respect to Ms. Beckenfeld's taxable year 2007, as well as interest provided by law accrued after January 14, 2013, as Ms. Beckenfeld's unpaid 2007 liability.) On January 14, 2013, the date on which respondent assessed the additions to tax under section 6651(a)(1) and (2) of $298,046.25 and $331,162.50, respectively, as well as interest of $322,202.59 as provided by law with respect to Ms. Beckenfeld's taxable year 2007, respondent sent Notice CP 161 (respondent's January 14, 2013 letter) to Ms. Beckenfeld's estate. In that letter, respondent,

[*5] inter alia, requested a payment of $951,411.34, which was the total amount of those additions to tax and that interest.[2]

On June 17, 2013, respondent assessed the total gift tax of $1,324,650 shown in Mr. Beckenfeld's 2007 gift tax return. Respondent credited Mr. Beckenfeld's estate's August 31, 2012 payment of $1,324,650 against the total gift tax of $1,324,650 shown in Mr. Beckenfeld's 2007 gift tax return. Respondent also assessed additions to tax under section 6651(a)(1) and (2) of $298,046 and $331,162.50, respectively, as well as interest of $316,835.12 as provided by law with respect to Mr. Beckenfeld's taxable year 2007. (We shall refer to the additions to tax and the interest that respondent assessed on June 17, 2013, with respect to Mr. Beckenfeld's taxable year 2007, as well as interest provided by law accrued after June 17, 2013, as Mr. Beckenfeld's 2007 liability.) On June 17, 2013, the date on which respondent assessed the additions to tax under section 6651(a)(1) and (2) of $298,046 and $331,162.50, respectively, as well as interest of $316,835.12 as provided by law with respect to Mr. Beckenfeld's taxable year 2007, respondent sent Notice CP 220 (respondent's June 17, 2013 letter) addressed to Ronald Beckenfeld as the trustee of Mr. Beckenfeld's estate. In that

---

[2]Only page 1 of respondent's January 14, 2013 letter is in the record. Our findings of fact with respect to that letter are based on that page.

**[\*6]** letter, respondent, inter alia, requested a payment of $946,043.62, which was the total amount of those additions to tax and that interest.[3]

At a time not established by the record, Ms. Beckenfeld's estate retained Stephen A. Newstadt (Mr. Newstadt), an attorney, to represent it with respect to respondent's request for payment of $951,411.34 set forth in respondent's January 14, 2013 letter.

At a time not established by the record, Mr. Beckenfeld's estate retained Mr. Newstadt to represent it with respect to respondent's request for payment of $946,043.62 set forth in respondent's June 17, 2013 letter.

On May 27, 2014, a revenue officer with respondent's collection function sent a letter addressed to Ronald Beckenfeld as the trustee of Ms. Beckenfeld's estate. In that letter, the revenue officer informed Ronald Beckenfeld that Ms. Beckenfeld's unpaid 2007 liability remained unpaid and demanded payment of that liability. On May 28, 2014, the revenue officer met with Ronald Beckenfeld. During that meeting, the revenue officer asked Ronald Beckenfeld to request that Ms. Beckenfeld's estate's attorney contact him.

---

[3]Only page 1 of respondent's June 17, 2013 letter is in the record. Our findings of fact with respect to that letter are based on that page.

**[\*7]**  On May 28, 2014, Mr. Newstadt, acting in his capacity as the attorney for Ms. Beckenfeld's estate, telephoned the revenue officer.  During that telephone call, Mr. Newstadt informed the revenue officer that he believed that Ms. Beckenfeld's unpaid 2007 liability had been satisfied and that he would send documentation to the revenue officer to support that belief.

Thereafter, Mr. Newstadt sent by facsimile to the revenue officer a copy of respondent's June 17, 2013 letter that was addressed to Ronald Beckenfeld as the trustee of Mr. Beckenfeld's estate.  Mr. Newstadt also sent by facsimile to the revenue officer a copy of a letter dated August 26, 2013 (Mr. Beckenfeld's estate's August 26, 2013 letter) that Mr. Newstadt, acting in his capacity as the attorney for Mr. Beckenfeld's estate, had sent to respondent in response to respondent's June 17, 2013 letter.

In Mr. Beckenfeld's estate's August 26, 2013 letter, Mr. Beckenfeld's estate set forth in pertinent part the following instructions (Mr. Beckenfeld's estate's instructions in Mr. Beckenfeld's estate's August 26, 2013 letter):

Re:  Estate of Mickey Beckenfeld * * *

 *          *          *          *          *          *          *

Enclosed is a check in the amount of $951,971.40 which represents
final payment pursuant to the enclosed letter and Notice Number

**[*8]** CP220 dated June * * * [17], 2013 in the above estate for form 709 and Tax period December 31, 2007.

Mr. Newstadt also sent by facsimile to the revenue officer the front of a check for $951,971.40 (Mr. Beckenfeld's estate's August 22, 2013 check) that he had included with Mr. Beckenfeld's estate's August 26, 2013 letter when he sent that letter to respondent. Consistent with Mr. Beckenfeld's estate's instructions in Mr. Beckenfeld's estate's August 26, 2013 letter, Ronald Beckenfeld, acting as the trustee of Mr. Beckenfeld's estate, signed Mr. Beckenfeld's estate's August 22, 2013 check and noted on the front of that check Mr. Beckenfeld's 2007 gift tax return with respect to which the check was being remitted, as well as Mr. Beckenfeld's Social Security number (Ronald Beckenfeld's notation on Mr. Beckenfeld's estate's August 22, 2013 check). (We shall sometimes refer collectively to Mr. Beckenfeld's estate's instructions in Mr. Beckenfeld's estate's August 26, 2013 letter and Ronald Beckenfeld's notation on Mr. Beckenfeld's estate's August 22, 2013 check as Mr. Beckenfeld's estate's instructions to respondent.)

On August 5, 2014, respondent issued to Ms. Beckenfeld's estate a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to Ms. Beckenfeld's taxable year 2007.

[*9]  On August 28, 2014, Mr. Newstadt, acting in his capacity as the attorney for

Ms. Beckenfeld's estate, submitted to respondent Form 12153, Request for a

Collection Due Process or Equivalent Hearing (Ms. Beckenfeld's estate's Form

12153).  In that form, Mr. Newstadt requested a hearing with respondent's

Appeals Office (Appeals Office) with respect to the notice of intent to levy.  Mr.

Newstadt did not request in part 8 of that form any collection alternatives.  Instead,

he attached a letter in which he explained why he was requesting a hearing with

the Appeals Office.  That letter stated in pertinent part:

> Penalties and interest for Lillian Beckenfeld's 2007 Gift Tax Return
> was [sic] paid in full on August 22, 2013, check number 501, in the
> amount of $951,971.40.  * * *
>
> * * * [C]heck number 501, for payment in full of the penalties and
> interest at issue here, clearly indicated in the memo line that it was for
> payment of monies owed by the "Estate of Mickey Beckenfeld."
> Because both Mickey and Lillian were deceased at the time of pay-
> ment, it was assumed that the amount owed for Lillian's 2007 Return
> was being charged over to the Estate, as the Estate itself was the only
> active taxpayer.
>
> The fact that Mickey's Social Security Number was also included in
> the memo line of the check is of no consequence * * * Furthermore,
> prior to payment in full of the penalties and interest owed on Lillian's
> 2007 Gift Tax Return, an IRS agent verified over the telephone that
> $951,971.40 was in fact the full amount due by the Estate.
>
> On October 1, 2014, respondent's settlement officer (settlement officer)

who was assigned to Ms. Beckenfeld's estate's Form 12153 sent a letter (settle-

[*10] ment officer's October 1, 2014 letter) to Ronald Beckenfeld as the trustee of Ms. Beckenfeld's estate and sent a copy of that letter to Mr. Newstadt as the attorney for Ms. Beckenfeld's estate. In the settlement officer's October 1, 2014 letter, the settlement officer acknowledged receipt of Ms. Beckenfeld's estate's Form 12153 and scheduled a telephonic hearing with Mr. Newstadt for 1 p.m. on February 10, 2015, with respect to the notice of intent to levy.

On February 10, 2015, the settlement officer held a telephonic hearing (February 10, 2015 hearing) with Mr. Newstadt, the attorney for Ms. Beckenfeld's estate. During that hearing, Mr. Newstadt did not dispute Ms. Beckenfeld's unpaid 2007 liability. Instead, he argued that, despite Mr. Beckenfeld's estate's instructions to respondent, Mr. Beckenfeld's estate's August 22, 2013 check was intended to pay Ms. Beckenfeld's unpaid 2007 liability. During the February 10, 2015 hearing, Mr. Newstadt also advanced certain arguments that pertained to Mr. Beckenfeld's taxable year 2007.

The settlement officer reminded Mr. Newstadt during the February 10, 2015 hearing of Mr. Beckenfeld's estate's instructions in Mr. Beckenfeld's estate's August 26, 2013 letter.[4] The settlement officer also reminded Mr. Newstadt

---

[4]As noted above, in Mr. Beckenfeld's estate's August 26, 2013 letter, Mr. Beckenfeld's estate set forth in pertinent part the following instructions:

(continued...)

[*11] during the February 10, 2015 hearing of Ronald Beckenfeld's notation on Mr. Beckenfeld's estate's August 22, 2013 check.[5] The settlement officer advised Mr. Newstadt during the February 10, 2015 hearing that Mr. Beckenfeld's estate's instructions to respondent instructed respondent to use Mr. Beckenfeld's estate's August 22, 2013 check to satisfy Mr. Beckenfeld's 2007 liability, not Ms. Beckenfeld's unpaid 2007 liability.

The settlement officer advised Mr. Newstadt during the February 10, 2015 hearing that respondent had followed Mr. Beckenfeld's estate's instructions to respondent and applied Mr. Beckenfeld's estate's August 22, 2013 check against Mr. Beckenfeld's 2007 liability. The settlement officer also informed Mr.

---

[4](...continued)

Re: Estate of Mickey Beckenfeld * * *

\*      \*      \*      \*      \*      \*      \*

Enclosed is a check in the amount of $951,971.40 which represents final payment pursuant to the enclosed letter and Notice Number CP220 dated June * * * [17], 2013 in the above estate for form 709 and Tax period December 31, 2007.

[5]As noted above, consistent with Mr. Beckenfeld's estate's instructions in Mr. Beckenfeld's estate's August 26, 2013 letter, Ronald Beckenfeld, acting as the trustee of Mr. Beckenfeld's estate, signed Mr. Beckenfeld's estate's August 22, 2013 check and noted on that check Mr. Beckenfeld's 2007 gift tax return with respect to which the check was being remitted, as well as Mr. Beckenfeld's Social Security number.

[*12] Newstadt that he would not consider certain arguments that Mr. Newstadt had advanced during the February 10, 2015 hearing and that pertained to Mr. Beckenfeld's taxable year 2007. That was because the Appeals Office had jurisdiction over only the notice of intent to levy with respect to Ms. Beckenfeld's taxable year 2007 in response to which Ms. Beckenfeld's estate had filed Ms. Beckenfeld's estate's Form 12153.

On February 20, 2015, the Appeals Office issued to Ms. Beckenfeld's estate a notice of determination in which that office sustained the notice of intent to levy. The notice stated in pertinent part:

**Summary of Determination**

Appeals has verified that applicable laws and administrative procedures have been met, has considered the issues raised, and has balanced the Collection action with the legitimate concerns that such action be no more intrusive than necessary.

Collection's plan to levy is sustained.

An attachment to the notice of determination stated in pertinent part:

**SUMMARY AND RECOMMENDATION**

The taxpayer requested a timely CDP-Levy hearing with Appeals under IRC § 6330 following receipt of Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing.

The taxpayer's Power of Attorney (POA) Stephen Newstadt Attorney, states on CDP-Levy Form 12153, Request for a Collection Due

[*13]  Process Hearing, "<u>Gift Tax Return; issue of "unpaid penalties inter-est</u>" [sic].

\*          \*          \*          \*          \*          \*          \*

<u>The proposed levy by Collection is appropriate in this case, for reasons stated below</u>[.]

## BRIEF BACKGROUND

Lillian Beckenfeld died on 10/23/2007 at age 84.  The Trustee of taxpayer's estate is Ronald Beckenfeld, taxpayer's son.

On 08/31/2012 the Trustee filed the subject Form 706 [709] reporting $3,238,000 taxable gifts, $739,000 prior taxable gifts, $3,977,000 total taxable, $1,324,650 gift tax balance due.

On 08/31/2012 the Trustee paid $1,324,650 to full[y] pay the gift tax on the return.

The due date of the Form 709 was 3.5 months after the end of the taxable year which was 04/15/2008 in this case.

On 01/14/2013 the gift tax was assessed along with:
Failure to File penalty of $298,046.25
Failure to Pay penalty of $331,162.50
Interest of $322,202.59

The current balance due with accruals is about $1,014,000.

On 10/01/2014 Settlement Officer Nathan August mailed a Conference Letter to taxpayer and Trustee and a copy to POA scheduling a telephonic hearing for 02/10/2015.  The Conference Letter offered the opportunity for a face-to-face CDP hearing.

On 02/10/2015 Settlement Officer conducted a telephonic hearing with POA.

**[\*14]**                               <u>DISCUSSION AND ANALYSIS</u>

<u>Verification of Legal and Procedural Requirements</u>

I, Nathan August, verified the requirements of any applicable law or administrative procedure were met.

•         The tax assessment was made on the applicable CDP notice period based on the Form 709 return taxpayer filed, per IRC § 6201, and the notice and demand for payment letter was mailed to taxpayer's last known address, within 60 days of the assessment as required by IRC § 6303.

•         There has been a neglect or refusal to pay the tax liabilities giving rise to a statutory gift tax lien under IRC § 6324(b).

•         The appropriate computer codes have been posted with the correct date for the tax periods at issue to suspend both levy action and the statutory period of collection to collect these taxes.

The above items were verified through analysis of IRS computer account transcripts.

\*         \*         \*         \*         \*         \*         \*

Taxpayer is not in bankruptcy nor did the taxpayer have a pending bankruptcy case at the time the CDP notice was sent.  Settlement Officer had no prior involvement with taxpayer for the types of tax and tax period associated with this CDP case either in Compliance or Appeals.

\*         \*         \*         \*         \*         \*         \*

**[\*15]**                    **ISSUES RAISED BY TAXPAYER**

During the hearing Settlement Officer told POA that there were two Forms 709 filed for Lillian Beckenfeld and Mickey Beckenfeld separately for the same amounts and at the same time. Settlement Officer told POA that the Trustee, Ronald Beckenfeld, filed both returns late and paid the respective gift taxes due late.

POA said that the penalties charged for taxpayer were not in dispute but that the penalties for Mickey Beckenfeld should be abated due to reasonable cause. POA said that the $951,971.40 check payment dated 08/22/2013 was intended to pay the penalties and interest on the taxpayer's account, not Mickey Beckenfeld's account. * * * Settlement Officer pointed out that the 06/17/2013 bill to Mickey Beckenfeld Estate was the bill to pay penalties and interest under Mickey Beckenfeld's separately filed Form 709 period 2007. * * * Settlement Officer explained to POA that any disputes he has in regards to the penalties and interest charged under Mickey Beckenfeld's separate Form 709 are not under Appeals' review jurisdiction because this CDP hearing is for Lillian's [sic] Beckenfeld's separate Form 709. Settlement Officer told POA that Settlement Officer [is] not making any determination in regards to Mickey Beckenfeld's separate account and referred POA to deal with Compliance regarding any disputes regarding Mickey Beckenfeld's account.

Settlement Officer told POA that the bill for penalties and interest on taxpayer's account was issued 01/14/2013. Settlement Officer told POA that that is the bill that the Trustee should have made payment on. Settlement Officer asked POA why payment wasn't made until August 2013 after another bill was issued under Mickey Beckenfeld. POA alluded to some other interim issues with the estate.

Settlement Officer told POA that the $951,971.40 check was specifically designated both on the check itself and on POA's cover letter to pay liability of Mickey Beckenfeld under his Social Security Number for Form 709 period 2007 and that is how the IRS applied the payment. * * * POA said that was "not the intent." POA said that

payment was "<u>meant to be</u>" for taxpayer's liability. POA said "<u>We believe it to be paid</u>." Settlement Officer told POA that Settlement Officer is not moving the payment from Mickey Beckenfeld's account to taxpayer's account because the payment was designated to Mickey Beckenfeld's account and Settlement Officer is not going to create a liability under Mickey Beckenfeld's account.

POA said he plans to "<u>apply for full refund</u>" under Mickey Beckenfeld's account.

Settlement Officer told POA that the current liability is $1,014,000 and that Settlement Officer is sustaining Collection plan to levy.

## COLLECTION ALTERNATIVES OFFERED BY THE TAXPAYER

The POA and Trustee did not propose a collection alternative. The POA inquired about Settlement Officer's ability to settle the liability for less than what is owed. Settlement Officer advised POA that the settlement authority under IRC [sec.] 7122 applies to Offer in Compromise based on either doubt as to collectability or doubt as to liability. The POA conceded that doubt as to collectability does not exist in this case. Settlement Officer informed that the penalties charged are correct.

## BALANCING ACTION

The penalties and interest are owed. The POA and Trustee did not propose a collection alternative to resolve the liability. Therefore, Collection's plan to levy balances the need for the efficient collection of tax with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. The proposed levy action by Collection is sustained upon all property and rights to property belonging to the taxpayer or on which there is a lien provided for the payment of the tax, penalties and interest.

- 17 -

**[\*17]** Collection cannot pursue levy against property of the donee/Trustee, Ronald Beckenfeld, for this liability without establishing a transferee liability assessment against him first.

OPINION

Ms. Beckenfeld's estate acknowledges that Mr. Beckenfeld's estate's instructions to respondent instructed respondent to apply Mr. Beckenfeld's estate's August 22, 2013 check against Mr. Beckenfeld's 2007 liability. Nonetheless, Ms. Beckenfeld's estate's contends that Mr. Beckenfeld's estate's August 22, 2013 check was intended to pay Ms. Beckenfeld's unpaid 2007 liability. On the record before us, we reject that contention.

A taxpayer may "designate how voluntary tax payments should be applied" by the Internal Revenue Service (IRS). Dixon v. Commissioner, 141 T.C. 173, 185 (2013). The IRS "must honor a taxpayer's designation of a voluntary tax payment". Id. at 186.

In Mr. Beckenfeld's estate's August 26, 2013 letter, Mr. Beckenfeld's estate set forth in pertinent part the following instructions:

Re: Estate of Mickey Beckenfeld * * *

\*       \*       \*       \*       \*       \*       \*

Enclosed is a check in the amount of $951,971.40 which represents final payment pursuant to the enclosed letter and Notice Number

**[\*18]** CP220 dated June \* \* \* [17], 2013 in the above estate for form 709
and Tax period December 31, 2007.

In addition, Mr. Beckenfeld's estate's August 22, 2013 check was attached to Mr. Beckenfeld's estate's August 26, 2013 letter. Consistent with Mr. Beckenfeld's estate's instructions in Mr. Beckenfeld's estate's August 26, 2013 letter, Ronald Beckenfeld, acting as the trustee of Mr. Beckenfeld's estate, signed Mr. Beckenfeld's estate's August 22, 2013 check and noted on that check Mr. Beckenfeld's 2007 gift tax return with respect to which the check was being remitted, as well as Mr. Beckenfeld's Social Security number.

On the record before us, we find that Mr. Beckenfeld's estate's instructions to respondent instructed respondent, without reservation, to use Mr. Beckenfeld's estate's August 22, 2013 check to satisfy Mr. Beckenfeld's 2007 liability, not Ms. Beckenfeld's unpaid 2007 liability. On that record, we further find that respondent followed those instructions.

On the record before us, we find that Ms. Beckenfeld's unpaid 2007 liability remains unpaid. On that record, we shall sustain the determinations in the notice of determination.

**[\*19]**  We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.[6]

To reflect the foregoing,

Decision will be entered for

respondent.

---

[6]We note that Ms. Beckenfeld's estate advances certain arguments that relate to Mr. Beckenfeld's 2007 liability.  We do not have jurisdiction over that liability.  See sec. 6330(d)(1); Davis v. Commissioner, 115 T.C. 35, 37 (2000).