T.C. Memo. 2008-75


UNITED STATES TAX COURT


DEAN FANGONILO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19747-06L.          Filed March 31, 2008.


<u>Irvin W. Fegley</u>, for petitioner.

<u>Emily Giometti</u>, for respondent.


MEMORANDUM OPINION


DEAN, <u>Special Trial Judge</u>:   This case is before the Court
on respondent's motion for summary judgment, as supplemented,
filed pursuant to Rule 121.  Rule references are to the Tax Court
Rules of Practice and Procedure.  Section references are to the
Internal Revenue Code of 1986 as amended.  The motion arises in
the context of a petition filed in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice) that respondent sent to petitioner.

## Background

At the time the petition was filed, petitioner resided in California. The parties do not disagree as to the following facts.

## Origin of the Tax Liability

Petitioner filed his Federal income tax return for 2002 on July 7, 2003, showing no tax due. After examination, petitioner signed a consent to the assessment of additional tax on March 9, 2005. As a result of the examination, respondent assessed tax of $14,423 plus statutory additions on June 20, 2005. As of August 22, 2006, there was a balance due of $17,137.85 on petitioner's account for 2002.

## Administrative Activity

On November 22, 2005, after receiving respondent's Notice of Intent to Levy and Notice of Your Right to a Hearing, petitioner submitted Form 12153, Request for a Collection Due Process Hearing (request). Petitioner stated in the request that he had "Filed An Offer To Compromise This Liability As A Way Of Resolving It." The offer-in-compromise (OIC) had been submitted on September 15, 2005. The Appeals officer assigned to consider the proposed levy was able to confirm that petitioner had filed an OIC covering 1991 and 1999 through 2004 and that petitioner

had appealed respondent's rejection of the offer of $250. The Court assumes that an appeal was denied. Petitioner did not submit a new or amended Form 656, Offer In Compromise, to the Appeals officer considering his request for relief under section 6330.

During discussions between the Appeals Office and petitioner's counsel, two "additional" grounds for relief were raised: (1) Alternative means of collection due to economic hardship, or (2) placing the liability into "currently not collectible" status.

Petitioner, who is now 71, submitted financial information to the Appeals officer including a Form 1040, U.S. Individual Income Tax Return, for 2005, signed and dated June 7, 2006; Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (collection statement); copies of bank statements, and insurance information. Further, petitioner stated that he was responsible for a portion of the household expenses of the home in which he resided, one quarter of the mortgage payment and one fifth of the electric and water bills. Petitioner submitted a copy of monthly mortgage statements, a Pacific Gas and Electric bill, and a water bill for the house. Petitioner's name did not appear on any of the household expense bills. He disclosed monthly living expenses of $3,092.10 and gross monthly income of $900 on the Form 433-A. Petitioner also

disclosed documents showing that he was entitled to receive three approximately equal payments on May 26 and November 25, 2006, and on May 25, 2007, totaling $56,319 due to the "termination" of a contract with Farmers Insurance Group.

Petitioner's counsel represented to the Appeals officer that petitioner's friend and roommate provided economic support to petitioner. Petitioner provided the Appeals officer with copies of checks drafted by the roommate to pay the household expenses, including petitioner's portion. The Appeals officer requested from petitioner information about the roommate's income and contributions to the household expenses. Petitioner's roommate refused to disclose any of her financial information.

Respondent issued the notice upholding the proposed collection action because "The financial information that you provided did not enable a determination as to your ability to pay".

Discussion

Standard for Granting Summary Judgment

The standard for granting a motion for summary judgment under Rule 121 is stated in Rule 121(b) as follows:

> A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *

The parties agree that there is no material issue of fact for trial.  They differ, however, as to what the result of this circumstance should be.

Section 6330

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, the person may obtain judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).  The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to appropriateness of the collection action, and offers of collection alternatives.  Sec. 6330(c)(2)(A); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180.

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).  Petitioner is not challenging the underlying tax liability.

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion.  Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.

Respondent's Position

Because petitioner did not provide respondent with his roommate's financial information,[1] respondent concludes that petitioner's reasonable living expenses cannot be properly determined.  Respondent argues that any financial support petitioner received is relevant in determining his ability to fulfill his tax obligations.

Respondent relies on 2 Administration, Internal Revenue Manual (IRM)(CCH), pt. 5.15.1.4, at 17,656 (May 1, 2004).  The manual section provides that for collection purposes, the taxpayer is allowed only the expenses he is required to pay, and "Consideration must be given to any other income into the household and any expenses shared with a not liable person(s)." Id. pt. 5.15.1.4(1).  The manual provision also provides that the assets and income of a "not liable" person may be considered in

---

[1]The Internal Revenue Manual appears to contemplate that if the "not liable" person's information is necessary, the Commissioner will conduct "an in-house verification" and that the information will not be shared with the taxpayer.  1 Administration, Internal Revenue Manual (CCH), pt. 5.8.5.5.4(4), at 16,339-12 (Sept. 1, 2005).

the computation of the taxpayer's ability to pay.  Id. pt. 5.15.1.4(2).  When the taxpayer indicates that his or her income is not commingled with that of the not liable person and responsibility for expenses is divided between the cohabitants, expenses are to be allowed according to the expenses "assigned to the taxpayer" or the taxpayer's "percentage of income to the total expenses, whichever is less."  Id. pt. 5.15.1.4(3).

Petitioner's Position

Petitioner argues that 2 Administration, IRM (CCH), pt. 5.15.1.4 should not be applied here.  According to petitioner, the manual provision "clearly ought to apply and does apply in order to determine whether the taxpayer is paying more than his share of expenses."  Because petitioner's monthly living expenses far exceed his $900 monthly income, he argues that it is not necessary to inquire into the not liable person's income and expenses.  A reasonable approach, suggests petitioner, would be to use "government guidelines to determine his expenses."

Petitioner's position appears to find support in a manual provision not addressed by the parties, 1 Administration, IRM (CCH), pt. 5.8.5.5.4(4), at 16,339-12 (Sept. 1, 2005), concerning OICs.  Under this provision, where a taxpayer can document that income is not commingled "(as in the case of roommates who share housing)" and household expenses are divided "equitably" between cohabitants, the total allowable expenses should not exceed the

total allowable housing standard for the taxpayer. "In this situation, it would not be necessary to obtain the income information of the non-liable person(s)". Id.

The provision, however, warns the reader that there must be sufficient financial information to verify the total household expenses and prove that the taxpayer is paying his/her proportionate share of the expenses. See Olsen v. United States, 414 F.3d 144, 153-154 (1st Cir. 2005).

Petitioner also complains that he raised two "alternative" grounds for relief that were denied, "economic hardship" or placing the liability in "currently not collectible" status.

If the liability of a taxpayer can be collected in full but would create an economic hardship, the Commissioner can consider an OIC to promote effective tax administration. Sec. 301.7122-1(b)(3)(i), Proced. & Admin. Regs.; 1 Administration, IRM (CCH), pt. 5.8.11.2.1(1), at 16,375 (Sept. 1, 2005). The Commissioner advises his employees that the existence of hardship criteria does not require that an offer be accepted, and if "the taxpayer does not offer an acceptable amount, the offer should not be recommended for acceptance." Id. pt. 5.8.11.2.1(11), at 16,377. Petitioner's prior offer of $250 had been rejected. According to the undisputed facts, petitioner did not make a higher offer to the Appeals officer considering this case after having been notified that an earlier offer had been rejected.

Since petitioner did not submit an offer of "an acceptable amount" to the Appeals officer charged with conducting the section 6330 hearing, there was no abuse of discretion in respondent's failing to accept an OIC as an alternative to collection.  See Speltz v. Commissioner, 454 F.3d 782 (8th Cir. 2006), affg. 124 T.C. 165 (2005).

A taxpayer may request that his Federal income tax liability be designated currently not collectible where, "based on the taxpayer's assets, equity, income and expenses," he has no apparent ability to make payments on the outstanding tax liability.  Foley v. Commissioner, T.C. Memo. 2007-242.  Although petitioner's income was not sufficient to meet his stated monthly living expenses, he had a liquid asset worth more than $56,000, which exceeds his tax liability.[2]  Respondent's refusal to treat petitioner's tax liability as currently not collectible was not an abuse of discretion.

### Conclusion

Petitioner has failed to show that there is a genuine issue of material fact for trial, and respondent's motion for summary judgment, as supplemented, will be granted.  Respondent did not abuse his discretion in approving the proposed collection activity.  Although the Court has granted respondent's motion,

---

[2]Petitioner also owned a one-half interest in an account worth about $2,400 at the time of the hearing under sec. 6330.

petitioner can still submit another OIC on the form required by respondent under the rubric of effective tax administration because of economic hardship.

An appropriate order and decision will be entered granting respondent's motion for summary judgment, as supplemented.