T.C. Summary Opinion 2008-118

UNITED STATES TAX COURT

WILLIAM R. WEBER AND KATHLEEN S. WEBER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24899-06S.            Filed September 9, 2008.

William R. Weber, pro se.

Carol-Lynn E. Moran, for respondent.

NIMS, Judge:  This case was heard pursuant to the provisions
of section 7463 of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to
be entered is not reviewable by any other court, and this opinion
shall not be treated as precedent for any other case.  This case
was commenced in response to a Notice of Determination Concerning
Collection Action(s) Under Section 6320 and 6330 (notice of

determination) for unpaid income tax, penalties, and interest for petitioners' 1996 tax year.  The sole issue for decision is whether respondent abused his discretion in determining to proceed with collection of the tax due with respect to petitioners' 1996 tax year.  Unless otherwise indicated, all section references are to sections of the Internal Revenue Code.

## Background

The relevant facts have been stipulated.  At the time of the petition, petitioners resided in New Jersey.

On June 27, 2005, separate Final Notices of Intent to Levy and Notice of Your Right to a Hearing (final notices of intent to levy) were sent to petitioner William R. Weber and to petitioner Kathleen S. Weber for liabilities arising under their 1996 and 2003 tax years.  Petitioners had received a notice of deficiency with respect to the 1996 tax year but had not petitioned the Court within the statutory 90-day time period.

On August 2, 2005, petitioners submitted to respondent a Form 12153, Request for a Collection Due Process Hearing, with respect to their 1996, 1997, and 2003 tax years.  A conference with an Appeals officer was held on August 28, 2006.  There were no discussions of an installment agreement or collection alternatives with respect to the 1996 tax year at the conference.

On November 1, 2006, respondent sent petitioners a notice of determination with respect to their 1996 and 2003 tax years.  In

sustaining the final notices of intent to levy, the notice of determination set forth the legal and procedural requirements for collection and discussed the issues petitioners raised at the conference. It also stated that the Appeals officer found that the enforcement action was not unnecessarily intrusive because petitioners had a balance due and "did not make appropriate arrangements to satisfy the liability". It noted that petitioners had failed to respond to the notice of deficiency with respect to their 1996 tax year. While stating that petitioners could not contest the underlying 1996 liability at the collection due process conference, it notified petitioners of their right to seek an audit reconsideration for the 1996 tax year.

On December 6, 2006, petitioners timely filed a petition with this Court based on the notice of determination, in which they sought redetermination of the deficiency for their 1996 tax year. Petitioners asserted that they were eligible for certain deductions that would either reduce or eliminate the underlying deficiency.

Trial was held on March 10, 2008. At trial, petitioner William R. Weber acknowledged that he could not contest the underlying liability for the 1996 tax year because he had failed

to timely petition the Court in response to the notice of deficiency. Rather, he requested that he be given time to pursue an audit reconsideration before the Internal Revenue Service.

### Discussion

Petitioners petitioned the Court pursuant to section 6330(d) challenging respondent's determination to sustain his final notices of intent to levy. Where the underlying tax liability is at issue, the Court will review the Commissioner's determination de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Section 6330(c)(2)(B) provides:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
>     *　*　*　*　*　*　*
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Petitioners do not allege that they did not receive a notice of deficiency with respect to the 1996 tax year, nor do they allege that they had no prior opportunity to contest the deficiency determination. Because petitioners failed to aver facts showing that either condition under section 6330(c)(2)(B) has been met, petitioners' underlying tax liability is not properly before the Court. See Davis v. Commissioner, supra at

39.  Because petitioners' underlying liability is not before the Court, the Court will review respondent's determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Under section 6330(c)(3), when reviewing the Notice of Intent to Levy the Appeals officer is required to:  (1) Verify that the legal and procedural requirements for levy have been met; (2) consider issues presented by the taxpayer; and (3) balance the need for efficient tax collection with the concern that any collection action be no more intrusive than necessary.  Petitioners have made no argument that respondent failed to meet these requirements or otherwise abused his discretion in sustaining the final notices of intent to levy.  In their petition and arguments before this Court, petitioners raised only their underlying tax liability for 1996.  That issue is not before the Court.  As a result, respondent did not abuse his discretion in determining to proceed with collection of petitioners' 1996 tax liability.  Accordingly,

An appropriate decision

will be entered.