T.C. Memo. 2008-116

UNITED STATES TAX COURT

ERNEST ENAX, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17374-07L.                    Filed April 28, 2008.

Ernest Enax, pro se.

Laura Price, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  This matter is before us in this collection case under section 6330 on respondent's motion for summary judgment and to impose a penalty under section 6673.

All section references are to the applicable provisions of the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

On documents he filed with respondent as his 2001, 2003, and 2004 individual Federal income tax returns, petitioner reported no income and no tax liability, and petitioner made tax-protester arguments.

On audit, respondent did not treat the above documents relating to 2001 and 2003 as valid tax returns, and on January 28, 2004, and January 31, 2005, respectively, using third-party payor information, respondent prepared for petitioner substitute 2001 and 2003 individual Federal income tax returns.

On July 7, 2004, respondent mailed to petitioner a notice of deficiency for 2001.[1]  On May 9, 2005, respondent mailed to petitioner a notice of deficiency for 2003.

Respondent treated the document petitioner filed for 2004 as petitioner's 2004 Federal income tax return, and on April 14, 2006, respondent mailed to petitioner a notice of deficiency for 2004.

Petitioner did not file a petition with this Court relating to the above notices of deficiency, receipt of which petitioner

---

[1]  The first page of respondent's July 7, 2004, notice of deficiency to petitioner for 2001 incorrectly stated that the tax year involved was 2000.  However, documents attached to the notice of deficiency stated correctly that the notice of deficiency related to petitioner's 2001 Federal income taxes.

does not contest, and the deficiencies were assessed on March 28, 2005, November 11, 2005, and August 28, 2006, respectively.

Respondent also assessed penalties against petitioner under section 6702 for 1997, 2003, and 2004.

On March 27, 2007, respondent mailed to petitioner a notice of intent to levy in order to collect petitioner's outstanding Federal income taxes for 2001, 2003, and 2004, and outstanding penalties for 1997, 2003, and 2004. Respondent also mailed to petitioner a notice explaining petitioner's right to an Appeals Office hearing, which hearing petitioner requested on March 30, 2007.

The collection hearing petitioner requested was held between May 29 and June 25, 2007. In connection with petitioner's collection hearing petitioner mailed to respondent's Appeals Office numerous tax-protester arguments and a partially completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

In his communications with respondent's Appeals Office, petitioner raised only tax-protester arguments. As a result, respondent's Appeals officer did not hold a face-to-face hearing with petitioner, and petitioner's Appeals Office hearing was conducted via correspondence and over the telephone.

Petitioner's 2005 and 2006 Federal income tax returns were not timely filed.

On July 17, 2007, respondent's Appeals Office mailed to petitioner a notice of determination sustaining respondent's proposed levy action.

OPINION

Petitioner objects to respondent's motion for summary judgment solely on the ground that petitioner was entitled to a face-to-face hearing with respondent's Appeals Office. We disagree.

During petitioner's Appeals Office hearing, petitioner made only tax-protester arguments, and because petitioner received notices of deficiency for the years in issue he was not entitled to contest the underlying tax deficiencies respondent had assessed. See sec. 6330(c)(2)(B).

Petitioner was given the opportunity to contest the section 6702 penalties for 1997, 2003, and 2004. As stated, however, petitioner made only tax-protester arguments, and petitioner offered no documentation or other credible evidence to establish that respondent in any way had committed error or abused his discretion in sustaining respondent's proposed levy action.

At the time of petitioner's collection hearing, petitioner was not current on his tax obligations for 2005 and 2006.

Petitioner has a history of not filing tax returns and of making tax-protester arguments, and petitioner has outstanding

assessed Federal income taxes due for a number of years in addition to those involved in this case.[2]

Respondent acknowledges that respondent is pursuing collection action against petitioner for Federal income taxes petitioner owes for years not involved in this case. Petitioner offers no credible evidence that respondent is pursuing collection action relating to years before us in this action in violation of the stay of section 6330(e).

On the evidence before us, petitioner is not entitled to a face-to-face hearing. See sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs. Accordingly, we shall grant respondent's motion for summary judgment, and we sustain respondent's proposed levy action relating to petitioner's outstanding and assessed 2001, 2003, and 2004 Federal income taxes and 1997, 2003, and 2004 section 6702 penalties.

In light of petitioner's tax-protester arguments, made before respondent's Appeals Office and herein, we also impose a penalty under section 6673 on petitioner in the amount of $2,500.

An appropriate order and decision will be issued.

---

[2] Total outstanding Federal income taxes and penalties that have been assessed by respondent against petitioner for all open years apparently are in excess of $237,000.