T.C. Memo. 2009-163

UNITED STATES TAX COURT

ERNEST ENAX, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29667-07L.                    Filed July 2, 2009.

Ernest Enax, pro se.

$\underline{\text{Laura A. Price}}$, for respondent.

MEMORANDUM OPINION

DAWSON, $\underline{\text{Judge}}$:  This matter is before us on respondent's
motion for summary judgment, filed pursuant to Rule 121, and to
impose a penalty under section 6673.[1]  Petitioner timely filed a

---

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code.

petition pursuant to sections 6320(c) and 6330(d), appealing respondent's determination to uphold the validity of a notice of Federal tax lien filed with respect to petitioner's 2001, 2003, and 2004 unpaid Federal income tax liabilities. In Enax v. Commissioner, T.C. Memo. 2008-116, the Court sustained respondent's determination to proceed with a levy to collect the unpaid tax liabilities for the years at issue and imposed a penalty under section 6673 on petitioner of $2,500.

## Background

Petitioner resided in Florida when the petition was filed.

A.   Deficiencies Assessed for 2001, 2003, and 2004

Petitioner entered zeros on every line of the Forms 1040, U.S. Individual Income Tax Return, he filed for 2001, 2003, and 2004 and attached documents espousing tax-protester arguments to each form.

Although respondent accepted the Form 1040 petitioner filed for 2004 as a valid tax return, respondent did not treat the Forms 1040 submitted for 2001 and 2003 as valid tax returns. Instead, using third-party payor information, respondent prepared substitutes for returns for 2001 and 2003. Respondent mailed to petitioner separate notices of deficiency for 2001, 2003, and 2004, respectively, on July 7, 2004, May 9, 2005, and April 14, 2006.

Petitioner did not file a petition with the Tax Court to contest the deficiencies determined in any of the notices of deficiency, and the deficiencies for 2001, 2003, and 2004 were assessed on March 28 and November 21, 2005, and August 28, 2006, respectively. Respondent also assessed penalties against petitioner under section 6702 for 1997, 2003, and 2004.

B. Notice of Intent To Levy

On March 27, 2007, respondent mailed to petitioner a notice of intent to levy to collect petitioner's outstanding Federal income tax liabilities for 2001, 2003, and 2004 and outstanding penalties for 1997, 2003, and 2004. Respondent also mailed to petitioner a notice explaining petitioner's right to request an Appeals Office hearing regarding the levy (the levy hearing).

Petitioner timely requested the levy hearing and mailed to respondent's Appeals Office numerous tax-protester arguments and a partially completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

Petitioner could not raise the underlying deficiencies because he received notices of deficiency, but he was given the opportunity to contest the section 6702 penalties for 1997, 2003, and 2004. In his communications with the settlement officer, petitioner raised only tax-protester arguments. As a result, the settlement officer did not hold a face-to-face hearing with

petitioner, and petitioner's levy hearing was conducted from May 29 to June 25, 2007, by correspondence and telephone.

On July 17, 2007, respondent's Appeals Office mailed to petitioner a notice of determination sustaining respondent's proposed levy action (levy determination). On August 6, 2007, petitioner timely filed a petition in this Court in docket No. 17374-07L contesting the levy determination.[2]

C. Notice of Lien Filing

On May 29, 2007, respondent mailed petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, regarding petitioner's income tax years 2001, 2003, and 2004. The notice of Federal tax lien was filed on May 30, 2007. Respondent received from petitioner a signed Form 12153, Request for a Collection Due Process Hearing, on June 18, 2007.

Petitioner's lien case was assigned to the same settlement officer who was conducting his levy hearing. On November 6, 2007, the settlement officer mailed petitioner a letter

---

[2]Petitioner also filed a petition in docket No. 22087-06L contesting income tax liabilities for tax years 1993 and 1994 and trust fund recovery penalties for periods within those tax years. The case was dismissed for lack of jurisdiction because respondent had not sent petitioner any notice of determination authorized by sec. 6330 with respect to income tax liabilities and trust fund recovery penalties assessed against petitioner for 1993 and 1994, nor had respondent made any other determination with respect to the tax liabilities that would confer jurisdiction on this Court. As of Dec. 31, 2007, petitioner remained liable for 21 assessments of taxes and penalties for all open years totaling $232,959.68.

scheduling a collection due process (CDP) hearing for November 21, 2007, and advising petitioner to contact him no later than November 19, 2007, in regard to petitioner's preference for a conditional face-to-face, telephone, or correspondence hearing. The settlement officer informed petitioner that

> The liability issue (how much you owe or if you owe) is not open in regard to this hearing.  You previously had a Collection Due Process hearing in regard to these periods and a Notice of Intent to Levy. The [levy] hearing date was June 27, 2007.  You were issued a Notice of Determination as a result of this hearing and you have since filed a petition with the U.S. Tax Court.  Since you were given the right to appeal the assessments in the past, the liability issue is not open for this current * * * [lien] hearing * * * [pursuant to section] 6330(c)(2)(B).

The settlement officer agreed to conduct a face-to-face hearing to discuss payment of the tax liability, including an installment agreement or an offer-in-compromise, provided petitioner submitted:  (1) A completed Form 433-A, to be used to determine a viable collection alternative; and (2) original signed income tax returns for 2005 and 2006 to satisfy the requirement that petitioner be current in filing his returns.

The letter included a narrative addressing the details and issues from the prior levy hearing, encouraged petitioner to cooperate by submitting the requested documents and information, and advised petitioner not to raise the same frivolous issues during the lien hearing.  The settlement officer enclosed copies of the transcripts of petitioner's 2001, 2003, and 2004 accounts

and a copy of section 6323(j), setting forth the circumstances in which the Commissioner may withdraw a notice of Federal tax lien. The settlement officer also directed petitioner's attention to "The Truth About Frivolous Tax Arguments" on the IRS Web site.

In response to the settlement officer's November 6, 2007, letter, petitioner sent the settlement officer a letter dated November 14, 2007 (petitioner's letter). In petitioner's letter, petitioner complained that the settlement officer had already given (during the levy hearing) his "frivolous determination * * * disregarding the law". Petitioner also requested "authentic assessments signed by a person and not a computer printout" and evidence of the settlement officer's authority to conduct the lien hearing.

In response to petitioner's letter, the settlement officer telephoned petitioner on November 16, 2007, but petitioner asked him to communicate in writing. By letter dated November 16, 2007, the settlement officer informed petitioner that the transcripts of petitioner's accounts were legally sufficient for purposes of the lien hearing and that he had previously given petitioner a copy of the delegation order giving him authority to conduct the lien hearing. The settlement officer offered to conduct the lien hearing by telephone at 10 a.m. on November 21, 2007. The settlement officer informed petitioner that if petitioner did not call at the appointed date and time or provide

the requested documentation, he would make a determination on the basis of the administrative file.

Petitioner did not call the settlement officer at the appointed time on November 21, 2007. The only correspondence the settlement officer received was petitioner's letter. Because petitioner did not offer any collection alternatives, the settlement officer made the determination to uphold the filing of the Federal tax lien for tax years 2001, 2003, and 2004. On December 4, 2007, the Appeals Office mailed to petitioner the notice of determination upholding the filing of the notice of tax lien.

D.  Tax Court Pleadings

On December 26, 2007, petitioner filed a petition virtually identical to the one filed in the levy case, arguing that he did not receive a hearing and espousing tax-protester arguments. On February 4, 2008, petitioner filed an amendment to petition asserting tax-protester arguments substantially identical to those in the amendment to petition filed in the levy case.

Petitioner asserts that he complied with all of requirements for a face-to-face hearing. He asks that his case be remanded to Appeals for a face-to-face hearing.

E.  Tax Court Decision in the Levy Case

On April 28, 2008, the Court filed its Memorandum Opinion in Enax v. Commissioner, T.C. Memo. 2008-116, sustaining

respondent's determination to proceed with the levy to collect tax liabilities for the years at issue. The Court observed that petitioner (1) had made only tax-protester arguments during the levy hearing, (2) was not current on his tax obligations for 2005 and 2006 at the time of the levy hearing, (3) had a history of not filing tax returns and of making tax-protester arguments, and (4) had outstanding assessed Federal income taxes and penalties in excess of $237,000. The Court held that petitioner was not entitled to a face-to-face levy hearing pursuant to section 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs., granted respondent's motion for summary judgment, and sustained respondent's proposed levy to collect petitioner's outstanding 1997, 2001, 2003, and 2004 Federal income taxes and penalties. The Court also imposed a penalty of $2,500 under section 6673 because petitioner made only tax-protester arguments during both the levy hearing and the levy proceedings in the Tax Court.

Petitioner did not appeal the decision entered in docket No. 17374-07L on September 15, 2008, and it is final.

F. Order to Show Cause

Rule 91(a) requires the parties to stipulate "all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute." Petitioner refused to do so. Pursuant to Rule 91(f), respondent filed a motion for an order to show cause (OSC) why the facts and

evidence set forth in respondent's proposed stipulation of facts should not be deemed established for purposes of this case. On October 7, 2008, the Court issued an OSC directing petitioner to file a response in compliance with the provisions of Rule 91(f)(2), showing why the matters set forth in respondent's motion papers should not be deemed admitted. Because petitioner did not file a response to the OSC, the OSC was made absolute on November 12, 2008, and the facts and evidence set forth in respondent's proposed stipulation of facts were deemed established for the purposes of this case.

G.   Motion for Summary Judgment and To Impose Sanctions

On December 3, 2008, respondent filed the motion for summary judgment and to impose sanctions under section 6673(a). On January 8, 2009, petitioner filed a response to respondent's motion, making additional tax-protester arguments.

Discussion

A.   Summary Judgment

Summary judgment is used to expedite litigation and avoid unnecessary and expensive trials. A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b). Because the

effect of granting a motion for summary judgment is to decide the case against a party without allowing that party an opportunity for a trial, summary judgment should be "cautiously invoked" and granted only after a careful consideration of the case. Associated Press v. United States, 326 U.S. 1, 6 (1945); Kroh v. Commissioner, 98 T.C. 383, 390 (1992).

Respondent, as the moving party, has the burden of showing the absence of a genuine issue as to any material fact. For purposes of summary judgment, the party opposing the motion is to be afforded the benefit of all reasonable doubt, and the material submitted by both sides must be viewed in the light most favorable to the opposing party; that is, all doubts as to the existence of an issue of material fact must be resolved against the movants. E.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157(1970); Kroh v. Commissioner, supra at 390.

B. Federal Tax Lien:  Section 6320 Procedures

If a taxpayer is liable for Federal taxes and fails to pay the taxes after demand, section 6321 creates a lien in favor of the United States on all property and rights to property belonging to the taxpayer.  The Federal tax lien arises by operation of law when the IRS assesses the amount of unpaid tax and continues until the liability is satisfied or becomes unenforceable by reason of lapse of time.  Sec. 6322.

In order to preserve priority of the lien and to put other creditors on notice, a notice of Federal tax lien must be filed. See sec. 6323.  If a notice of Federal tax lien is filed, the Secretary must furnish the taxpayer with written notice of the filing not more than 5 business days after the day the notice of Federal tax lien is filed.  Sec. 6320(a)(1) and (2).  The notice must inform the taxpayer of the amount of the unpaid tax and the right to request (within the 30-day period beginning on the sixth day after the filing of the lien) an administrative review in the form of a hearing.  Sec. 6320(a)(3).

The hearing generally must be conducted in accordance with the procedures set forth in section 6330(c), (d), and (e).  Sec. 6320(c).  The taxpayer may raise any relevant issue at the hearing, including challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise."  Sec. 6330(c)(2)(A).  At the hearing, the taxpayer may challenge the existence and amount of the underlying tax liability if he or she did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B).

During the hearing the Appeals officer must consider issues properly raised by the taxpayer, verify that the requirements of

- 12 -

applicable law and administrative procedures have been met, and consider whether any proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3)(C).

Where the validity of the underlying tax liability is at issue in a collection review proceeding, the Court will review the matter de novo.  Davis v. Commissioner, 115 T.C. 35, 39 (2000).  However, where the underlying liability is not at issue, we review the Appeals officer's determinations regarding the collection action for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176 (2000).  An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner was not entitled to dispute the underlying liabilities during the lien hearing because he received statutory notices of deficiency regarding the tax liabilities for the years at issue--2001, 2003, and 2004.

Petitioner argues that he was entitled to a face-to-face lien hearing to discuss collection alternatives.  We disagree. Section 301.6320-1(d)(2), Q&A-D8, Proced. & Admin. Regs., provides:

> A face-to-face CDP conference concerning a collection
> alternative, such as an installment agreement or an

> offer to compromise liability, will not be granted unless other taxpayers would be eligible for the alternative in similar circumstances.  For example, because the IRS does not consider offers to compromise from taxpayers who have not filed required returns * * * as set forth in Form 656, "Offer in Compromise," no face-to-face conference will be granted to a taxpayer who wishes to make an offer to compromise but has not fulfilled those obligations. * * * In all cases, a taxpayer will be given an opportunity to demonstrate eligibility for a collection alternative and to become eligible for a collection alternative, in order to obtain a face-to-face conference. * * *

The settlement officer agreed to conduct a face-to-face hearing to discuss payment of the tax liability, including an installment agreement or an offer in compromise, provided petitioner submitted:  (1) A completed Form 433-A, to be used to determine a viable collection alternative; and (2) original signed income tax returns for 2005 and 2006 to satisfy the requirement that petitioner be current in filing his tax returns.  The settlement officer gave petitioner an opportunity to demonstrate he was eligible for a collection alternative by submitting the Form 433-A and an opportunity to become eligible for a collection alternative by submitting tax returns for 2005 and 2006. Petitioner did not provide the requested Form 433-A or his 2005 and 2006 income tax returns.  Consequently, the settlement officer was not required to hold a face-to-face hearing to discuss collection alternatives.

Petitioner failed to avail himself of the opportunity to submit an offer-in-compromise or propose an installment

agreement.  The determination of the Appeals Office sustaining the filing of the notice of Federal tax lien was not arbitrary, capricious, or without sound basis in fact or law.  We sustain the determination.

C.  Section 6673 Penalty

Petitioner was repeatedly warned that section 6673 provides for a penalty, not in excess of $25,000, whenever it appears to the Tax Court that proceedings before it have been instituted or maintained primarily for delay or the taxpayer's position is frivolous or groundless.  Indeed, in Enax v. Commissioner, T.C. Memo. 2008-116, the Court imposed a $2,500 penalty on petitioner for making frivolous arguments challenging the levy to collect the tax liabilities at issue in this lien case.  That sanction did not deter petitioner, and he later raised additional frivolous tax-protester arguments in this case in his response to the motion at hand filed with the Court.  Petitioner's history of making frivolous and groundless claims for the obvious purpose of delay justifies a penalty.  We will impose a penalty of $5,000.  Where a taxpayer pursues proceedings in this Court, as petitioner does, merely as a continuation of his refusal to acknowledge and satisfy his tax obligations, his pro se status does not excuse his actions.

To reflect the foregoing,

An appropriate order and
decision will be entered.