T.C. Memo. 2012-175

UNITED STATES TAX COURT

JTK MASONRY COMPANY, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19098-09.                       Filed June 20, 2012.

<u>Michael J. Stengel</u>, for petitioner.

<u>Caroline R. Krivacka</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  On June 18, 2009, respondent issued a notice of

determination denying petitioner's request for interest abatement for fiscal years

ending March 31, 2003 and 2005.  The sole issue for decision is whether

respondent abused his discretion by denying petitioner's request to abate interest imposed pursuant to section 6621(c)[1] for its 2003 taxable year.

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Background

At the time the petition was filed, petitioner's corporate headquarters was in Nashville, Tennessee.

On June 23, 2003, petitioner filed its 2003 Form 1120, U.S. Corporation Income Tax Return, for the fiscal year ending March 31, 2003. At the time of filing, the unpaid tax due on the return was $577,264. The tax, delinquency penalties, and interest relating to the 2003 return were assessed on August 4, 2003. Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, reflects that a notice of balance due was issued to petitioner on August 4, 2003, the date of assessment of the liabilities. Respondent has not retained a copy of the notice of balance due. Petitioner's president does not recall receiving the notice of balance due, which the Form 4340 reflects as having been issued on August 4, 2003. On

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed in this case, and all Rule references are to the Tax Court Rules of Practice and Procedure.

September 3, 2003, respondent began charging interest using the higher large corporate underpayment (LCU) rate pursuant to section 6621(c).

Petitioner made a $200,000 payment on January 16, 2004. On June 15, 2004, petitioner's 2004 net operating loss was carried back and applied to reduce its 2003 liability by $520,839, resulting in full satisfaction of the outstanding 2003 balance due.

Petitioner's 2003 income tax return was subsequently examined. On June 4, 2007, respondent issued a notice of deficiency, and, on August 2, 2007, petitioner filed a petition (at docket No. 17288-07) in this Court. On May 5, 2008, the parties in that case filed a settlement stipulation, and the decision was entered May 13, 2008. As a result of the settlement, an additional deficiency of $83,094, a delinquency addition to tax of $4,901.25, and an accuracy-related penalty of $8,060.20 were due, plus statutory interest.

Respondent assessed interest on the deficiency, addition to tax, and penalty using the LCU rate. There is no dispute concerning the computation of the interest at issue if the section 6621(c) rate of interest applies. The only issue in dispute is whether respondent abused his discretion in determining that the higher LCU rate of interest should apply to all tax, additions to tax, and penalties assessed with respect to petitioner's underpayment of its 2003 income tax.

## Discussion

Section 6404(e)(1) authorizes the Internal Revenue Service (IRS) to abate the assessment of interest in some situations. We have jurisdiction to determine whether the failure of the IRS to abate interest was an abuse of discretion. See sec. 6404(h)(1); Sandberg v. Commissioner, T.C. Memo. 2011-72. The burden of proof is on the taxpayer. Rule 142(a). To prevail, the taxpayer must show that the IRS abused its discretion. Sandberg v. Commissioner, T.C. Memo. 2011-72. The IRS abused its discretion if it exercised that discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Interest on underpayments of tax is generally imposed at the normal underpayment rate of the Federal short-term rate plus 3 percentage points. Secs. 6601(a), 6621(a)(2); Med James, Inc., v. Commissioner, 121 T.C. 147, 153 (2003). Section 6621(c) imposes an additional 2% interest rate, called "hot interest", on "any large corporate underpayment". See Med James, Inc., v. Commissioner, 121 T.C. at 153. The term "large corporate underpayment" means any underpayment of a tax by a C corporation for any taxable period if the amount of such underpayment for such period exceeds $100,000. Sec. 6621(c)(3)(A). The so-called hot interest or LCU rate applies only to periods after the "applicable date".

Sec. 6621(c)(2)(B)(i). The "applicable date" for hot interest is determined by taking into account any letter or notice provided by the Secretary which notifies the taxpayer of the assessment or proposed assessment of the tax. Id. After 30 days have passed from the date upon which the initial notice is issued, large underpayments due for that tax period are subject to the LCU rate. Sec. 6621(c)(2).

On brief petitioner concedes that it had a large corporate underpayment upon the filing of its 2003 fiscal year corporate income tax return. However, petitioner argues that it is not liable for the "hot interest" rate because that rate does not apply until 30 days after the taxpayer is given notice of its opportunity for administrative review pursuant to section 6621(c)(2)(A)(i), and petitioner never received such notice. Petitioner asserts that absent proper notice sent to the taxpayer, the "hot interest" rate does not apply even where a large corporate underpayment exists.

Initially we note petitioner's reliance on section 6621(c)(2)(A)(i) is misplaced. Section 6621(c)(2)(A) defines the applicable date for the commencement of "hot interest" as follows:

> (A) In general.--The applicable date is the 30th day after the earlier of--

(i) the date on which the 1st letter of proposed deficiency which allows the taxpayer an opportunity for administrative review in the Internal Revenue Service Office of Appeals is sent, or

(ii) the date on which the deficiency notice under section 6212 is sent.

The preceding sentence shall be applied without regard to any such letter or notice which is withdrawn by the Secretary.

The "applicable date" referred to in the above subparagraph is triggered by the mailing of either a "letter of proposed deficiency" or a "deficiency notice under section 6212". However, immediately following section 6621(c)(2)(A), section 6621(c)(2)(B) provides:

(B) Special rules.--

(i) Nondeficiency procedures.--In the case of any underpayment of any tax imposed by this title to which the deficiency procedures do not apply, subparagraph (A) shall be applied by taking into account any letter or notice provided by the Secretary which notifies the taxpayer of the assessment or proposed assessment of the tax.

Respondent relies on this provision and argues that the "applicable date" for beginning "hot interest" commenced 30 days after August 4, 2003, the date respondent sent petitioner notice of the assessment of the unpaid tax shown on petitioner's return.

The "applicable date" for hot interest where the underpayment is one "to which the deficiency procedures do not apply" is determined "by taking into account any letter or notice provided by the Secretary which notifies the taxpayer of the assessment or proposed assessment of the tax." Sec. 6621(c)(2)(B)(i). The Form 4340 clearly shows that tax due, as shown on petitioner's delinquent 2003 corporate income tax return, was assessed on August 4, 2003. The Form 4340 reflects that a notice of balance due was issued upon the assessment of tax on August 4, 2003. Accordingly, the applicable date was 30 days from August 4, 2003, which was September 3, 2003.

A notice of balance due entry on Form 4340 is sufficient to presumptively establish that notice and demand was sent on the date listed on the form. E.J. Harrison & Sons, Inc., v. Commissioner, T.C. Memo. 2011-157; United States v. Scott, 290 F. Supp. 2d 1201, 1207 & n. 4 (S.D. Cal. 2003) (holding that a statutory notice of balance due entry on Form 4340 provides evidence that notice and demand was given); see also Davis v. Commissioner, 115 T.C. 35 (2000) (holding that Form 4340 provides presumptive evidence that a tax has been validly assessed). Moreover, petitioner has failed to provide any credible evidence to rebut the presumption that respondent provided such notice. Therefore, we find that respondent issued to petitioner the notice on August 4, 2003, and that respondent

was therefore correct in assessing interest using the section 6621(c) LCU rate as of September 3, 2003. Consequently, we hold that respondent did not abuse his discretion in denying petitioner's request to abate the "hot interest" assessed pursuant to section 6621(c).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.