T.C. Summary Opinion 2017-69

UNITED STATES TAX COURT

ABDIWALI SULDAN MOHAMED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14508-16S L.                    Filed August 29, 2017.

Abdiwali Suldan Mohamed, pro se.

<u>Lisa M. Oshiro</u> and <u>Gregory Michael Hahn</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

This case is an appeal from a notice of determination issued by the Internal Revenue Service (IRS) Office of Appeals (Appeals Office) sustaining a proposed levy action to collect penalties (totaling $7,000) for the taxable year 2013 that were assessed against petitioner pursuant to section 6695(g). Respondent filed a motion for summary judgment with a supporting declaration. Petitioner filed a response opposing respondent's motion. Following a hearing on respondent's motion, respondent filed a supplement to his motion to which petitioner filed a further response.

### Background[2]

Petitioner earned a bachelor's degree from Western Washington University in 2004 and a master's degree from Golden Gate University in 2008. He obtained a license to practice as a certified public accountant in the State of Washington in

---

[1](...continued)
Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]The following facts, which are not in dispute, are drawn from the pleadings, respondent's motion as supplemented, petitioner's responses, and supporting documents.

2012. Petitioner operates a tax return preparation business under the name Mini-Max CPA, PS.

In December 2013 an IRS criminal investigator contacted petitioner and inquired about Federal income tax returns that he had prepared for the taxable year 2012. The criminal investigator apparently was satisfied that petitioner was not engaged in criminal activity.

In early 2014 petitioner prepared and filed more than 300 Federal income tax returns for his clients for the taxable year 2013. Some of petitioner's clients' tax returns were examined in March and April 2014 as part of an IRS earned income tax credit (EITC) due diligence audit program.

Petitioner subsequently received and responded to requests for information from an IRS tax compliance officer (TCO)--an examiner assigned to determine whether he had complied with EITC due diligence requirements imposed under section 1.6695-2, Income Tax Regs. Petitioner met with the TCO to review his records and files related to 50 tax returns that he had prepared for the taxable year 2013. The TCO prepared a detailed report titled "EITC Due Diligence Penalty Lead Sheet", dated April 24, 2014 (audit report), in which she concluded that petitioner had failed to satisfy EITC due diligence requirements in preparing 20 of

the 50 tax returns selected for review. The TCO in turn recommended that the IRS impose 20 $500 penalties on petitioner pursuant to section 6695(g).

On April 28, 2014, the TCO prepared a Form 8484, Report of Suspected Practitioner Misconduct and Report of Appraiser Penalty, for submission to the Office of Professional Responsibility (OPR). The TCO attached to the Form 8484 a copy of the audit report. On April 28, 2014, the TCO's acting immediate supervisor attached her digital signature to "Part E-Management Approval" of the Form 8484.

When petitioner received the audit report, he requested that the Appeals Office review the matter before assessment. The Appeals Office granted petitioner's request, and on May 8, 2015, he met with an Appeals Officer (AO) for about six hours to review his files related to the 20 tax returns identified in the audit report. In conjunction with that meeting, the AO determined that section 6695(g) penalties should not be imposed on petitioner in respect of 5 of the 20 tax returns in question, and she requested that he provide additional information about 4 other tax returns. On May 18, 2015, petitioner faxed to the AO a letter, along with the additional information that she had requested. On June 26, 2015, petitioner participated in a telephone conference with the AO, and she informed him that she would recommend that 14 penalties be assessed against him under

section 6695(g). Petitioner thanked the AO for working with him and requested a copy of her report.

On July 9, 2015, the Appeals team manager sent petitioner a closing letter stating that the Appeals Office had determined that he failed to satisfy EITC due diligence requirements in preparing 14 tax returns for the taxable year 2013 and that penalties totaling $7,000 would be assessed against him under section 6695(g). The letter stated that petitioner could contest the determination by paying the penalties, filing a claim for refund with the IRS, and, if the refund claim was denied, filing a refund suit in Federal District Court or the U.S. Court of Federal Claims. The letter was accompanied by a report which included a brief description and explanation of the Appeals Office rationale for sustaining or conceding the penalties in respect of the 20 tax returns in question.

On August 3, 2015, the IRS entered an assessment of $7,000 against petitioner. The IRS sent petitioner a notice and demand for payment, but he failed to pay. On November 26, 2015, the IRS sent petitioner a notice of intent to levy which included notice of his right to request an administrative hearing before the Appeals Office. Petitioner subsequently submitted to the Appeals Office a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, indicating that he believed the proposed levy action was unwarranted.

The Appeals Office assigned petitioner's case to a settlement officer (SO), who sent a letter inviting him to provide financial information if he wanted to present a collection alternative such as an installment agreement or an offer-in-compromise. The Appeals Office administrative hearing was conducted by way of a telephone conference call. Although petitioner maintained that he should be permitted to challenge the underlying assessment, the SO explained that she had reviewed his transcripts of account and determined that he had previously challenged the penalties in question before the Appeals Office. Consequently, he was barred from challenging his underlying liabilities in the administrative hearing. Because petitioner otherwise declined to offer or agree to a collection alternative, the Appeals Office issued a notice of determination to petitioner sustaining the proposed levy action. Petitioner invoked the Court's jurisdiction by filing a timely petition for review under section 6330. At the time the petition was filed, petitioner resided in the State of Washington.

## Discussion

### I. Summary Judgment

Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the

affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b). Respondent's motion for summary judgment, as supplemented, is well founded in the light of the averments therein and the declarations and related exhibits attached thereto. We conclude that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law sustaining the notice of determination upon which this case is based.

## II. Collection Review Proceedings

If any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Commissioner is authorized to collect such tax by levy upon the person's property. Sec. 6331(a). At least 30 days before enforcing collection by levy on the person's property, the Commissioner is obliged to provide a final notice of intent to levy, including notice of available administrative appeals. Sec. 6331(d). Generally speaking, the Commissioner cannot proceed with collection by levy until (1) the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if the person is dissatisfied, (2) judicial review of the administrative determination is final. Sec. 6330; see Davis v.

Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179-180 (2000).

The Appeals Office is responsible for conducting administrative hearings in collection matters. Sec. 6330(b)(1). In particular, the Appeals Office must verify that the requirements of any applicable law or administrative procedure have been met in processing the case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the person relating to the unpaid tax or proposed levy, including offers of collection alternatives, appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A person may challenge the existence or amount of his underlying tax liability if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Section 6330(c)(4) provides in pertinent part that a person may not raise an issue at a collection review proceeding if that issue was raised and considered in a previous administrative proceeding and the person seeking to raise the issue participated meaningfully in the previous hearing or proceedings. Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

The Tax Court has jurisdiction to review the administrative determination made by the Appeals Office. Sec. 6330(d)(1). If the taxpayer's underlying tax liability is properly in dispute, we review the Appeals Office's administrative decision de novo. Goza v. Commissioner, 114 T.C. at 181-182. If the taxpayer's underlying tax liability is not properly in dispute, we review the Appeals Office's administrative decision for abuse of discretion. Id. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

## III. Section 6695(g)

The penalties that petitioner seeks to challenge were assessed under section 6695(g), which provides: "Any person who is a tax return preparer with respect to any return or claim for refund who fails to comply with due diligence requirements imposed by the Secretary by regulations with respect to determining eligibility for,

or the amount of, the credit allowable by * * * section 32 shall pay a penalty of $500 for each such failure."[3]  Section 32 provides for the earned income credit.[4]

Section 1.6695-2(b), Income Tax Regs., prescribes due diligence requirements that a tax return preparer must satisfy to avoid a penalty under section 6695(g).  These requirements include preparing and retaining certain IRS forms (e.g., Form 8867, Paid Preparer's Earned Income Credit Checklist, and the Earned Income Credit Worksheet), and the tax return preparer must not know, or have reason to know, that any information that he relied upon in determining a taxpayer's eligibility for, or the amount of, the EITC is incorrect.

Section 6696(b) provides in relevant part that the deficiency procedures of subchapter B of chapter 63 of the Code shall not apply with respect to the assessment or collection of the penalties provided by section 6695.  A tax return preparer nevertheless may request an appeal of an initial determination of a section

---

[3]The term "tax return preparer" is defined in sec. 7701(a)(36).  Petitioner does not dispute that he is a tax return preparer within the meaning of this provision.

[4]We note that sec. 6695(g) was amended in the Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, div. Q, sec. 207(a)(1) and (2), 129 Stat. at 3082-3083, effective for taxable years beginning after December 31, 2015, to extend the penalty to tax return preparers determining eligibility for, or the amount of, the credit under sec. 24 (child tax credit) and sec. 25A(a)(1) (Hope Scholarship Credit).

6695(g) penalty within the IRS.  See Internal Revenue Manual (IRM) pt. 20.1.6.19.1(1) (May 16, 2012).  A claim for credit or refund of a penalty paid under section 6695 shall be filed within three years from the time the penalty was paid.  Sec. 6696(c), (d)(2).

IV.  Petitioner's Prior Opportunity To Challenge the Penalties

Relying on section 6330(c)(2)(B), the Appeals Office determined that petitioner was barred from challenging his underlying liability for the section 6695(g) penalties during the collection review proceeding because (although he did not receive a notice of deficiency) he had previously taken advantage of the opportunity to have the Appeals Office review the matter.

Petitioner does not dispute that he requested and received Appeals Office review of the section 6695(g) penalties in 2015 before the proposed levy action. See sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. (stating that an opportunity to dispute the underlying liability includes a prior opportunity for a conference with the Appeals Office that was offered either before or after the assessment of the liability).  As we explained in Lewis v. Commissioner, 128 T.C. 48, 61 (2007), Congress structured section 6330 to preclude taxpayers who were previously afforded a conference with the Appeals Office from raising the underlying liability again in a collection review hearing and before this Court.

Accord <u>Iames v. Commissioner</u>, 850 F.3d 160, 165 (4th Cir. 2017).  Petitioner maintains, however, that the Appeals Office prematurely terminated its review in 2015 and issued its closing letter without giving him a final chance to rebut the AO's conclusions.  We disagree.

Petitioner took full advantage of every opportunity offered to him to challenge the imposition of the penalties in dispute.  He actively participated in the initial examination process.  After the TCO recommended that 20 penalties be assessed against him under section 6695(g), petitioner requested and was granted Appeals Office review.  Petitioner again actively participated in the Appeals Office review process.  He attended a lengthy meeting with the AO assigned to review the matter, submitted additional documentation to the AO as requested, and participated in a followup conference call.  Ultimately, the Appeals Office (through the Appeals team manager) issued a closing letter to petitioner informing him that section 6695(g) penalties would be assessed in respect of 14 tax returns that he had prepared.

In sum, the record shows that in 2015 petitioner was provided a full and fair opportunity to challenge the imposition of the disputed penalties before the Appeals Office and he meaningfully participated in that proceeding.  Although petitioner would have preferred to continue to dispute his liability, we are satisfied

that the Appeals Office conducted a fair and comprehensive review of the matter and acted properly in concluding the matter by issuing its closing letter.

V. Supervisory Approval of Initial Penalty Determination

Section 6751(b) provides: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate."[5]  The Secretary has not designated any higher level official for purposes of section 6751(b). Consequently, the statute requires the approval of the immediate supervisor of the person making the initial determination.

Respondent avers that the TCO's (acting) immediate supervisor approved the initial determination to impose 20 section 6695(g) penalties on petitioner when she signed the Form 8484 and approved the referral of the matter, including the audit report, to the OPR.[6]  We agree with respondent.

---

[5]Sec. 6751(b)(2) provides exceptions for additions to tax assessed under secs. 6651, 6654, or 6655 or any penalty automatically calculated through electronic means.

[6]Respondent did not offer a Form 8278, Assessment and Abatement of Miscellaneous Civil Penalties, which normally is used to assert preparer penalties. Internal Revenue Manual (IRM) pt. 20.1.6.5.9 (May 16, 2012).

On its face, Form 8484 is a report that IRS personnel are encouraged to use to convey information to the OPR about questionable practitioner conduct. Although the form does not function to authorize the assessment of a penalty, in this case the TCO's acting immediate supervisor placed her digital signature on the Form 8484 indicating that she agreed with the referral of the matter to the OPR and that she approved the audit report (attached to the Form 8484) which recommended that 20 section 6695(g) penalties be assessed against petitioner.[7] The audit report included a detailed explanation in support of each of the 20 penalties. Under the circumstances of this case, we conclude that the TCO's initial determination to assess the penalties in dispute was personally approved in writing by her immediate supervisor within the meaning of section 6751(b).

VI. Appeals Office Determination

Petitioner has not raised any other challenge to the Appeals Office determination sustaining the proposed levy action. In any event, the record shows that the Appeals Office fulfilled its obligations as prescribed in section 6330. In the absence of a valid defense to the proposed levy or a viable collection alternative, the proposed levy action balances the need for efficient collection

---

[7]A duly designated acting manager may serve as an immediate supervisor within the meaning of sec. 6751(b). See IRM pt. 20.1.6.1.1.2 (Sept. 10, 2013).

against petitioner's concern that collection be no more intrusive than necessary. See sec. 6330(c)(3)(C); Pough v. Commissioner, 135 T.C. 344, 351 (2010). Consequently, we will grant respondent's motion for summary judgment, as supplemented.

To reflect the foregoing,

An appropriate order and decision will be entered.